O. D. DAVIS ET AL., TRUSTEES, *v.* CITY OF SALISBURY.

(Filed 4. December, 1912.)

1. Taxation—Constitutional Law—Exemptions—Religious Purposes —Rents and Profits—Interruption of Statutes.

Our Legislature, in accordance with the authority conferred by section 5, Article V of the Constitution, in exempting property held for charitable and religious purposes have not extended the exemption so as to apply to property held by trustees charged with paying over to institutions of that character the rents and profits of real estate held by them for that purpose, though the "entire rents are faithfully used and applied exclusively" thereto.

2. Same—Words and Phrases.

Apart from the view that the Revenue Act of 1911, ch. 46, professes to deal with corporations which have been favored with exemptions, and giving the statute a more general application, the exemption specified as to rents applies only to those "used exclusively for charitable or benevolent purposes," and a devise of lands to trustees directing that the rents be applied to "charitable, benevolent, and religious purposes" does not come within the statutory exemption.

3. Same—Benevolent Societies.

Construing together the various sections of chapter 46, Laws 1911, upon the subject of the exercise by the Legislature of the authority to exempt certain property held for religious, educational, and other purposes, it is *Held* that neither the property of churches and other religious bodies held for rent nor the rent from such property is exempt from taxation; whereas, in the case of benevolent and charitable societies, both the building used for lodge and meeting purposes and the "proceeds and

profits arising from rents, leases, etc., of rooms in such build-
ings are exempt" when such rents are used for charitable and
benevolent purposes.

4. Taxation — Constitutional Law—Exemptions—Revenue and Ma-
   chinery Acts—Interpretation of Statutes.

   The Revenue and Machinery Acts of the Legislature should
   be construed together, and the Revenue Act of 1911, sec. 5, was
   not designed or intended to establish or provide for any specific
   exemption, but with a view of repealing former exemptions and
   as a general declaration of the policy of the Legislature in carry-
   ing out the permissive features of our Constitution, Art. V, sec. 5,
   whereas section 7 of the Machinery Act of that year expresses
   the particular intent of the Legislature as to the exemptions to
   be allowed, and should there be a conflict between the two acts,
   the latter will prevail.

APPEAL by plaintiff from *Cooke, J.,* at August Term, 1912, of
ROWAN.

Civil action heard on case agreed. The action was to deter-
mine the validity of a tax assessed by defendant against certain
property held by plaintiffs as trustees of the First Presbyterian
Church of Salisbury, N. C. On the hearing, it was properly
made to appear that plaintiffs, as trustees of First Presbyterian
Church of Salisbury, held certain real estate in the city of Salis-
bury, under the will of Maxwell Chambers, deceased; said will
devising for the use and benefit of the church "all those lots or
parcels of ground I own adjoining the First Presbyterian
Church, to be an appendage of said church," etc., "and so im-
proved· with buildings as will by their rent provide revenue for
the, church," etc. The facts concerning the property more di-
rectly relevant to the inquiry are stated in the case agreed, as
follows:

6. That said real estate is held by plaintiffs as elders and
trustees, as aforesaid, for the use and benefit of said First Pres-
byterian Church of Salisbury, N. C., and that the same is rented·
out and the entire rents faithfully used and applied exclusively
for charitable, religious, and benevolent purposes.

7. That the church building and the lot on which it stands,
as well as the parsonage, with garden and barn or pasture ·lot,
are not included in the above described lands, nor in said levy
of taxes, and are exempt from taxation.

The municipal government, under the powers of the charter, having assessed the property other than that described in section 7, the tax amounting to $166.75, the plaintiffs paid the same under protest and brought present suit to recover the payment, having otherwise complied with requirements of Revisal, sec. 2855. The case agreed tersely states the question presented as follows: "The question submitted is, whether said real estate, so held in trust by plaintiffs, is subject to taxation by defendant and liable to the levy." The court, being of opinion that the property was subject to taxation, entered judgment that defendant go without day, and plaintiffs excepted and appealed.

*Kluttz & Kluttz for plaintiff.*
*Walter H. Woodson for defendant.*

HOKE, J. In the well-considered case of *United Brethren v. Commissioners,* 115 N. C., 489, it was held:

"1. Under section 5 of Article V of the Constitution, the Legislature may exercise to the full extent, or in part, the power to exempt from taxation property held for educational, scientific, literary, charitable, or religious purposes, or may decline to exempt at all. The constitutional provision being in the disjunctive, the Legislature can exempt the property up to a certain value, and tax all above it, and may also tax property held for one of the purposes named, and exempt that held for others.

"2. Under chapter 137, Acts of 1887; chapter 218, Acts of 1889, and chapter 326, Acts of 1891, exempting from taxation property set apart and exclusively used for religious, charitable, or educational purposes, only such property was meant as was used directly, immediately, and solely for the purposes named, and hence property rented out was not exempt, though the rents so applied were."

These principles are in accord with well-considered cases in other jurisdictions, construing statutes of similar import, and, applied to the facts presented here, are in full support of his Honor's ruling, this being property devised to "produce revenue for the church" and which is held for rent by the church authorities under the terms of the will, and this, though the "en-

tire rents are faithfully used and applied exclusively to charitable, religious, and benevolent purposes."

Exemption is claimed in this instance by reason of section 5 of the General Revenue Act of 1911, ch. 46, Public Laws 1911, in terms as follows: "Whenever in any law or act of incorporation, granted either under the general law or by special act, there is any limitation or exemption of taxation, the same is hereby repealed, and all the property and effects of all such corporations shall be liable to taxation, except property belonging to the United States and to municipal corporations and property held for the benefit of churches, religious societies, charitable, educational, literary, or benevolent institutions or orders, and also cemeteries: *Provided*, that no property whatever held or used for investment, speculation, or rent shall be exempt, unless said rent shall be used exclusively for charitable or benevolent purposes or to pay the interest upon the bonded indebtedness of said religious, charitable, or benevolent institutions"; the position being—

1. That on the facts stated, this section exempts the rented property from taxation, "the entire rents being faithfully and exclusively applied to charitable, religious, and benevolent purposes."

2. The Revenue Act, being the statute imposing the taxes, is superior to the Machinery Act of 1911, ch. 50, sec. 71, which is more restricted and excludes the property from the benefits of the exemption; but, in our opinion, neither the fact embodied in the first position nor the deduction from it in the second can be successfully maintained. Pretermitting the view that the revenue act in question professes to deal with corporations which have been favored with exemptions, and giving the statute a more general application, the section quoted, after exempting property held for churches, religious, charitable, and benevolent societies, etc., contains the proviso that "no property held for investment, speculation, or rent shall be exempt unless the rent shall be used exclusively for charitable or benevolent purposes."

The property in question here was devised to be rented for church revenue and the rents no doubt chiefly devoted to such purpose. The case agreed expressly states that the rents have

been applied faithfully to charitable and benevolent and to *religious* purposes. Even if the revenue act could be properly construed as establishing an exemption from taxation, the plaintiff's property does not come within its terms. The rents are not exclusively used for charitable and benevolent purposes. To show that this position is of the substance, the Machinery Act of 1911, ch. 50, sec. 71, continues the distinction between these subjects and makes separate provision for each. Thus in section 71, subsec. 3, the exemption of real property held by churches and religious bodies is exempt, as follows: "Buildings, with the land they actually occupy, lawfully owned and held by churches or religious bodies and wholly and exclusively used for religious worship or for the residence of the minister of any such church or religious body, together with the additional adjacent land reasonably necessary for the convenient use of any such building. The occasional leasing such buildings for schools, public lectures or concerts, or the leasing of such parsonages shall not render them liable to taxation." Section 5 provides for the exemptions in favor of Young Men's Christian Associations and other religious societies. Section 6 establishes the exemptions in case of benevolent and charitable associations, as follows: "Buildings, with the land they actually occupy, belonging to any benevolent or charitable association and used exclusively for lodge purposes or meeting rooms by such associations, together with such additional adjacent land as may be necessary for the convenient use of the buildings for such purposes; and also the proceeds and profits arising from rents, leases, etc., of rooms in said building, whether occupied for lodge and meeting purposes or not, when such rents, proceeds, and profits are used for charitable and benevolent purposes."

From a perusal of these different sections, it appears that neither the property of churches and other religious bodies held for rent nor the rents from such property are exempt from taxation, whereas in the case of benevolent and religious societies, both the building used for lodge and meeting purposes and the "proceeds and profits arising from rents, leases, etc., of rooms in such buildings are exempt," when such rents, etc., are used for charitable and benevolent purposes. Again, while the Revenue

Act, if it established an exemption in positive terms, might, in case of conflict, be considered as controlling, the Revenue and Machinery Acts are to be construed as a whole and made to harmonize, if this can be done by fair and reasonable interpretation.

In the present case this section 5 of the Revenue Act, relied upon by plaintiffs, is not, in our opinion, designed or intended to establish or provide for any specific exemption. It was drawn more especially with the view of repealing former exemptions and as a general declaration of the policy of the Legislature in carrying out the permissive features of our Constitution, Art. V, sec. 5, in which the General Assembly is allowed, if it see proper, to exempt this kind of property from taxation, and, in our view, it does not establish any exemption; whereas the Machinery Act, sec. 7, is clearly drawn for the express purpose of establishing and defining the exemptions which shall be allowed, making minute regulations as to the different subjects and specific kinds of property which shall be exempt, and if there were conflict in these two statutes, as plaintiff contends, the latter, expressing the particular intent of the Legislature, should prevail. *School Commissioners v. Board of Aldermen,* 158 N. C., pp. 191-198, citing 1 Lewis Southerland (2d Ed.), sec. 268; *Rodgers v. U. S.,* 185 U. S., p. 83, and other authorities. In *Rodgers' case, Associate Justice Brewer* quotes with approval from 22 Mich., 322, as follows: "When there are two acts or provisions, one of which is special and particular and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are cotemporaneous, as the Legislature is not to be presumed to have intended a conflict." On careful consideration of the question presented, we are of opinion that the plaintiff's property referred to in the case agreed is not exempt from taxation and that the judgment of the court below, based upon that proposition, must be affirmed.

Affirmed.