15425

WILLIS v. TOWN OF WOODRUFF *ET AL.*

(20 S. E. (2d), 699)

May,   1940.

276

*Mr. W. M. Swink,* of Woodruff, and *Mr. Sam R. Watt,* of Spartanburg, Counsel for Appellants,

*Messrs. L. G. Southard* and *Messrs. Whiteside & Taylor,* all of Spartanburg, Counsel for Respondent,

June 10, 1942.

The Opinion of the Court was delivered by CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE:

We adopt the statement in the Transcript of Record.

"This action was commenced on or about January 22, 1940, by the service of a summons and complaint, in which complaint the plaintiff seeks to permanently enjoin and restrain the defendants from interfering with the erection and construction of a filling station building in the Town of Woodruff, South Carolina. The plaintiff alleges that he secured a permit from the building inspector of the Town of Woodruff, authorizing the erection and construction of the building, and alleges that the chief of police had arrested certain employees of the plaintiff for a violation of the ordinance of the Town of Woodruff, making it unlawful for a person to work on the construction of a building where a permit had not been first obtained.

"On this verified complaint, a rule to show cause was issued by Honorable T. S. Sease, Circuit Judge, on January 22, 1940, requiring the defendants to show cause before him on January 27, 1940, why they should not be enjoined and restrained *pendente lite* from doing any of the things and committing any of the acts complained of by the plaintiff in the complaint.

"The defendants filed a demurrer to this complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and which grounds are hereinafter set out in full. This demurrer was overruled by an order passed by Honorable T. .S. Sease, Circuit Judge, on May 17, 1940, which order is hereinafter set forth.

"The defendants answered, denying all material allegations of the complaint, and allege that if the plaintiff held any permit that the same was issued without authority and

in violation of the ordinance of the Town of Woodruff, and was therefore null and void.

"The matter was referred to the master for Spartanburg County, who took the testimony and reported his findings and conclusions of law and fact to the court, and recommended that the relief sought for in the complaint be granted.

"The defendants excepted to this report, and after hearing the matter, Honorable T. S. Sease, Circuit Judge, passed an order on June 16, 1941, granting the relief prayed for in the complaint.

"In due time, the defendants served notice of intention to appeal to the Supreme Court from the judgment entered, or to be entered, and now appeal from the order passed by Honorable T. S. Sease, Circuit Judge, on May 17, 1940, overruling the demurrer, and from the order passed by Honorable T. S. Sease, Circuit Judge, on June 16, 1941, and from the judgment entered, or to be entered, thereon."

If the decree of Judge Sease is to be affirmed, then consideration of appellants' exceptions in regard to Circuit Judge's refusal to sustain demurrer to the complaint of respondent would be an idle gesture.

After careful study of the record in this case we are of the opinion that the decree of Judge Sease disposes of the issues in this case. An attempt to add to the well-considered decree of the Circuit Judge would serve no useful purpose.

Let the decree of Judge Sease be reported.

All exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.