15894

PENDLETON v. CITY OF COLUMBIA *ET AL.*

(40 S. E. (2d), 499)

*Messrs. Paul A. Cooper* and *Fred D. Townsend,* of Columbia, for Appellants,

*Mr. Kenneth R. Kreps,* of Columbia, for Respondent,

November 29, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court.

The questions presented for decision upon this appeal arise out of the action of the court below in permanently enjoining appellants, who are the mayor, councilmen, city clerk, city engineer and chief of police of the City of Columbia—from interfering with the plaintiff in the construction of an addition to her dwelling house at 2329 Wilmot Avenue as authorized under a permit issued to her by the City Engineer of Columbia, and subsequently revoked by resolution of the City Council.

The cause was referred to the master of Richland County, who filed his report holding and recommending that the mayor and Council had full power to revoke the building permit. Upon appeal to the Circuit Court, the Master was reversed, the permit was declared to be valid and lawful in every respect, and the municipal authorities were enjoined as hereinabove stated.

On September 12, 1945, plaintiff applied to the City of Columbia for a building permit to construct upon her lot a two-story apartment building adjoining her residence to accommodate two family units, the plans and specifications submitted with this application providing for a living room, kitchen, bedroom, bathroom, hall and closets on each floor, with no connection between the first and second floors but showing a separate entrance to the second floor. This proposed construction together with the residence of plaintiff would have provided for three family units on the same lot, which admittedly would have violated the city zoning ordinance. The application was consequently refused by the municipal council, and plaintiff was advised as to the procedure to be followed if she desired to seek relief from the zoning ordinance. However, she concluded not to follow the suggested course.

On or about September 19, 1945, plaintiff changed the plans originally submitted on September 12, 1945, by designating the living room and the kitchen on the second floor as bedrooms, resubmitted the plans to the Engineering Department of the City, and applied for a building permit for a one-family two-story addition to the present residence on the premises. No other changes were made in the plans as first submitted except as stated. As resubmitted, they showed on the first floor a living room, kitchen, bedroom, bath, hall and closets; and on the second floor three bedrooms, a bath, hall and closets. On the same date the City Engineer approved the plans and issued to the plaintiff a permit authorizing the construction of a two-story one-family unit. The permit provided that it was issued on condition that the con-

struction should be done in strict compliance with all rules, regulations and ordinances of the city.

Following the issuance of the permit, plaintiff, on the 3rd day of October, 1945, entered into a contract with a building contractor for the construction of the proposed building at a total cost of $7,600.00. Building supplies were assembled, the foundation laid, the work commenced and between $1,000.00 and $1,500.00 actually paid out prior to the revocation of the permit.

Soon after the construction had commenced objections were filed with City Council by numerous property owners in the neighborhood, protesting the issuance of the permit on the ground that it violated the zoning ordinance of the city. Upon receipt of these protests the council held a hearing after notice to the interested parties, determined that the plans as approved violated the zoning ordinance, and revoked the building permit on October 31, 1945.

The lot owned by the plaintiff on Wilmot Avenue is located in what is known as Premier Place, which under the zoning laws lies within a restricted residential area. The zoning ordinance (Chapter 32, Sections 1-25 inclusive, of the Revised Ordinances of June 30, 1943) prohibits construction in this area of any dwelling house or addition thereto which is arranged, intended or designed to be used for three or more families. The plaintiff contends that the additional structure authorized by the permit upon the plans submitted is for a one-family unit; the city contends that it is designed and intended for a two-family unit, which together with the residence of the plaintiff located on the lot would be in violation of the ordinance.

There is no contention here that the city engineer lacked authority under the ordinances of the City of Columbia to issue building permits, subject to review; nor is it denied that he was exercising valid powers conferred upon him when he issued to the plaintiff the building permit in question. Nor is any fraud alleged against the plaintiff, nor any

contention made that the permit was issued under a mistake of fact. The testimony would refute any such suggestion. The city engineer testified that after the issuance of the permit by him, and after work had commenced on the erection of the proposed two-story one-family apartment, he made an inspection; that later (before the revocation of the permit) when the foundations were laid up to the first floor level he made another inspection, and under his construction of the building code and the zoning ordinance he found everything proceeding in conformity with the plans and specifications previously approved by him, and which formed the basis for the issuance of the permit.

It is clear from the record that the building permit issued to the plaintiff was revoked not only because the city council disagreed with the city engineer, but also because the council questioned the good faith of the applicant in the use of the building to be constructed, in that it might be utilized for some purpose forbidden by the ordinance—that is, for a two-family unit instead of a one-family unit. However, the plaintiff testified without reservation that she had no intention of making any unlawful use of the proposed building, or violating any ordinance or regulation with reference thereto.

Revoking a permit before action has been taken and money expended thereunder is quite different from revoking a permit acted upon in good faith, because in the latter instance property rights may be imperiled by being deprived of the privilege to proceed with the construction. McQuillin Munic. Corp., Vol. 3, Sec. 1021. And see Annotation, 40 A. L. R., 928. Here it is undisputed that under the authority of the permit issued to her, the plaintiff entered into contractual obligations, expended between $1,-000.00 and $1,500.00, and construction on the proposed building had reached the first floor level. Under such circumstances, in the absence of any public necessity for doing so, the city council would have no authority to arbitrarily revoke the permit.

As was well said in the circuit decree:

"Much is made of the arrangement and size of the rooms in the building and the fact that the plans show no connecting entrance between the floors. However, the contractor testifies that a stairway is to be constructed from the first floor to the second by eliminating a hall on the first floor and putting there a stairway. His testimony shows that in laying the foundation for the building and in the work done thus far, this change from the plans has been made in the actual construction. No doubt, if this was not true the inspection made by the city engineer would have revealed it and this testimony would not have been left in the record undisputed."

In *Willis v. Town of Woodruff*, 200 S. C., 266, 20 S. E. (2d), 699, the applicable rule is thus stated:

"When once the proper authorities grant a permit for the erection or alteration of a structure, after applicant has made contracts and incurred liabilities thereon, he acquires a kind of property right on which he is entitled to protection; and under such circumstances it is generally held that the permit cannot be revoked without cause or in the absence of any public necessity for such action." 43 C. J., Sec. 380, Page 349.

Also in 9 Am. Jur., Sec. 8, Page 204:

"On the question of the revocation of a permit which has been properly obtained, there is some difference of opinion. By the weight of authority, a municipal building permit or license may not arbitrarily be revoked by municipal authorities, particularly where, on the faith of it, the owner has incurred material expense, such a permit has been declared to be more than a mere license revocable at the will of the licensor. When, in reliance thereon, work upon the building is actually commenced and liabilities are incurred, for work and material, the owner acquires a vested property right to the protection of which he is entitled."

The case of *Douglas v. City Council of Greenville,* 92 S. C., 374, 76 S. E., 687, 49 L. R. A. (N. S.), 958, is relied upon by the appellants, but the decision in that case was based upon an entirely different state of facts, and has been differentiated from a case of this kind, as will be seen in *willis v. Town of Woodruff, supra.* In the *Douglass case* a permit had been obtained to build a livery stable upon a lot located in a residential area in the City of Greenville. After the issuance of the permit an ordinance was adopted which made it necessary to apply to the city council for special permission to conduct a stable. On application of the owner for a permit under the ordinance, such permission was refused. It was said, among other things, that the fact that he had been granted a permit to build and had incurred considerable expense preparatory to building could not avail against the ordinance. But, as was pointed out in *Willis v. Town of Woodruff, supra,* the decision of the court was based solely on the construction and application of a health ordinance. The record in the case at bar does not show that the proposed building would adversely affect the health, comfort or safety of the people in the particular neighborhood.

The case of *Douglass v. Greenville, supra,* is distinguished from the case at bar in the late case of *Fincher v. City of Union,* 186 S. C., 232, 196 S. E., 1, where the court said:

"Just as was said in reference to the location of a livery and sale stable in the case of *Douglass v. City Council,* 92 S. C., 374, 75 S. E., 687, 49 L. R. A. (N. S.), 958, located in one place, it would be a nuisance *per se,* but in another place it would not be a nuisance, and this would be true regardless of how it was built or kept, because of many objectional features which are inevitably incident to its operation. We must not lose sight of the fact, however, that laws or ordinances regulating lawful business enterprises are in a separate class from those enacted to protect the public health."

We agree with the circuit decree that the attempted revocation of the plaintiff's building permit, under the circumstances shown here, was arbitrary, without just cause, and based upon no public necessity.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.