17399

Mary D. KERR, Respondent, v. CITY OF COLUMBIA, Appellant
(102 S. E. (2d) 364)

*John W. Sholenberger,* Esq., of Columbia, *for Appellant,*

*Messrs. Robinson, McFadden & Dreher,* of Columbia, *for Respondent,*

March 10, 1958.

STUKES, Chief Justice.

This is an action in equity to require the City of Columbia to issue a building permit to the plaintiff to enable her to fulfill a contract with the Texas Company under which she agreed to raze the present residence on her property,

build a service station and lease it to that company on a long term basis. Many of the facts were stipulated and most of those not stipulated, but developed by the testimony and exhibits, are not in dispute.

The property is located at the northeast corner of North Main Street and Hyatt Avenue, in the Eau Claire section of the City of Columbia; it measures 150' on North Main Street and 100' on Hyatt Avenue. The plaintiff purchased it in 1923, when it was a part of the Town of Eau Claire, and she and her husband built, and occupied until the fall of 1955, the present residence, which faces Hyatt Avenue and is identified as 1201 Hyatt. The section of North Main in which this property is located is the 4500 block.

The plaintiff's husband is a heating engineer, and from about 1931 on he maintained his office in their home and was so listed in the telephone directory, having a business telephone in the home. At all times pertinent to this case there was an Amoco service station directly across Hyatt Avenue from the plaintiff's residence, and a brick building directly across Main Street, the ground floor of which is occupied by a radio and television service establishment and the second floor by the Eau Claire Lodge, A. F. M. Adjacent to the Amoco Station on Main Street is the Eau Claire Laundry & Cleaners, and next to it is Zobel Tire Service.

On July 7, 1953, the Town of Eau Claire gave third and final reading to an ordinance which provided that "due to the need of zoning in the Town of Eau Claire * * * business shall be restricted to the following areas: (1) Main Street—Columbia City limits north to Town Limits on U. S. Highway No. 21 * * *." Certain areas of Main Street were excepted, but the 4500 block was not among the exceptions.

In the fall of 1954 the plaintiff was approached by a representative of Sinclair Oil Co. through a Columbia realtor to purchase the property for service station purposes. On December 17, 1954, the plaintiff gave that company an option to purchase at $21,500.00, but the option was not exercised because of lack of funds budgeted for that purpose. All

three of these parties were under the impression that the property was zoned for business use, and were so informed upon inquiry at Eau Claire City Hall. The mayor, himself, so testified in this action.

In the spring of 1955 the plaintiff began negotiations with the Texas Company in which a long term lease arrangement was contemplated. This location was one of several recommended to the real estate representative of that company by the mayor, and once again, all parties concerned understood that it was zoned for business. On May 7, 1955, the plaintiff made an offer, and on September 6 a Memo. of Lease and a Lease were entered into with this company. She then procured a commitment for a $21,000.00 loan from the First National Bank of Atlanta, which is still in effect. She contracted with a builder to erect the station, purchased another home, and moved into it.

On October 18, 1955, the plaintiff applied to the Town Council of Eau Claire for what she thought would be the routine granting of a building permit under the 1953 ordinance, but numerous residents of the area appeared in opposition and the Council voted to reject the building permit "because the property faced Hyatt Avenue, which is zoned for residents (*sic*), and other reasons and objections."

Within two months thereafter the merger of the Town of Eau Claire with the City of Columbia was consummated and the property in question became part of the City of Columbia. When the plaintiff applied to Columbia for a building permit her application was denied on the ground that all newly annexed territory is considered residential in character. She then instituted the present action.

The defendant takes the position that the Eau Claire ordinance of July 7, 1953 is invalid because there was no public advertisement prior to its passage. It is true that the proposed ordinance was not advertised, but it was read three times in open meetings and was passed in the same manner as most other Eau Claire ordinances, according to the testimony of the former town clerk, now an employee of the

defendant. The town operated under it and observed it for more than two years.

The foregoing statement of facts is taken from the very clear report of the Master of Richland·County, to whom the case was referred generally. He concluded that the Eau Claire ordinance of 1953 was effective to zone the property for business purposes. The old residence faced Hyatt Avenue but had a greater frontage on Main Street which was zoned for business. Therefore, the Eau Claire council had no right to deny plaintiff's application and the maxim of equity is applicable that the court will regard as done that which ought to have been done. He held that plaintiff's lease and building contract, construction loan, and purchase of another residence converted her Main Street corner lot into a business property, even if it was not formerly such by reason of her husband's office in the residence. Doubt was expressed, which we affirm, whether the provision of the Columbia ordinance, whereby newly annexed territory automatically becomes zoned for residence purposes, is applicable to the merger of that city with another city; but regardless of that, the equities of this case are all with plaintiff and she should be granted relief.

The court confirmed the master's report, but on other grounds. The case was considered by the court as if it were a review of the action of the City of Columbia under sections 47-1014, 1015, of the Code of 1952; it was concluded that the right to variance was established under the terms of sec. 47-1009; and it was held that the action of the city was arbitrary and capricious, amounting to a discrimination against plaintiff which should not be upheld. It appears therefrom that the city has not been injured or its rights impaired by the procedure of which it belatedly complains. Instead, its position has received more, and more varied, consideration in the lower court than it deserved. We need not examine the foregoing conclusions of the court because this is not really a zoning case.

The city has appealed. Three of its five exceptions and much of its brief relate to the contention that the respondent was bound to pursue her administrative remedy by appeal to Columbia's Zoning Board of Adjustment, rather than prosecute this proceeding in equity. Sec. 47-1007 *et seq.* However, this was not alleged in the answer of the appellant and, therefore, will not be considered; it was not an issue under the pleadings. Moreover, as has been noted, no resulting prejudice to appellant appears; indeed, the contrary is the case.

We think that the decision of the master that the ██ maxim of equity, that the court will regard as done that which ought to have been done, governs; and the controversy must be considered as if the Eau Claire council had issued the permit for which respondent applied and to which she was entitled under the ordinance of that municipality. *Parrott v. Dickson,* 151 S. C. 114, 148 S. E. 704, 63 A. L. R. 965. Compare *Wilkie v. Philadelphia L. Ins. Co.,* 187 S. C. 382, 197 S. E. 375 (master's report). It is doubtful, at best, whether this conclusion of the master was challenged by the exceptions to his report; if not, it became the law of the case. *White v. Livingston,* 231 S. C. 301, 98 S. E. (2d) 534. Nevertheless, we have considered it and find it to be sound under all of the facts, some of which will be elaborated. Close on the heels of the unwarranted refusal of permit came the consolidation of Eau Claire and Columbia, and the municipal government of the former ceased to exist. There was then nothing for respondent to do except to apply to the successor City of Columbia for a permit, and upon denial to proceed against it, which she has done.

Eau Claire acted under its zoning ordinance for █ years and by its terms the property was zoned for business. Its value as a residence was severely depreciated by former conversion of the nearby properties to business uses. Although ordinarily a municipality may not be estopped from enforcing its zoning regulations by the

words or conduct of its officers or agents, 1 Yokley 252, sec. 109, that is not the question here. Quite the contrary. Applying the doctrine of equitable estoppel to the facts of this case, it operates to negative the refusal of the Eau Claire council to issue the permit to respondent, to which she was legally entitled. The officials of Eau Claire had previously told the interested inquirers concerning the property that it was zoned for business. Upon the ordinance and those assurances, they acted. Repudiation would be unconscionable. Equity must intervene and treat the permit as having been issued. That, in essence, was the conclusion of the master, and we affirm. The former absence of a zoning ordinance in Eau Claire and the following of the ordinance after adoption have resulted in the conversation of the neighborhood to predominately business uses, to respondent's injury unless she is permitted to similarly convert.

This opinion might well end here, but appellant's other points on appeal will be noticed. They, or some of them, would possibly be well-taken in an ordinary zoning case, which we do not consider; here they are overcome by the equities which abound in behalf of respondent.

Technically, the action of the building official of the City of Columbia in refusing the building permit may not have been "arbitrary", because he was not vested with legal discretion; but certainly the result of it was, simply because respondent was plainly entitled to a building permit from Eau Claire under its ordinance, for which she made application before consolidation of the cities. Here, equity and good conscience demand that Columbia stand in Eau Claire's shoes.

Under the facts of this case, irregularities of Eau Claire in the proceedings upon the adoption of its zoning ordinance, and the indefiniteness of it in irrelevant particulars, will not be allowed to defeat respondent's right under it, assuming *arguendo* that Columbia may collaterally attack the validity of it, as it has attempted.

Whether respondent's residence was already devoted to business use by reason of her husband's long-time office in it need not be decided because the very effect of the Eau Claire ordinance was to zone it for business purposes; and she is asserting a right which became vested under it before consolidation of the cities. Likewise, we do not determine whether the Columbia ordinance which purports to govern annexed areas applies to the territory of the former municipality of Eau Claire, which merged with Columbia.

It may be added that another pertinent equity arises in behalf of respondent by reason of the so far interminable delay of the City of Columbia to devise and promulgate a comprehensive plan of zoning of the area of the former Eau Claire. Sec. 47-1003. The Director of the Department of City Planning of Columbia testified at length, but quite indefinitely. Despite the lapse of time the city has made remarkably little progress toward adoption of a plan of zoning of the area of Eau Claire. The director said that although studies have been under way for more than three years, they are incomplete. When asked on cross examination how many more years would be required, he "guessed" that it would be a year or two before completion of the studies, would require a new map and new ordinance which would be submitted to council and if it approves, then hearings would be held. These appear to be "law's delays" for which the courts are not responsible, and a resulting serious financial loss should not be inflicted upon the innocent respondent.

We are impelled to affirm because of the many equities which exist in favor of respondent; taken together they are conclusive upon the conscience of the court.

The judgment is affirmed and the City of Columbia is required to issue permit for the demolition of the old residence and erection on the lot of the service station, agreeable to respondent's application.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.