18552

M. L. McCULOUGH and Carolyn Scales McCullough, Appellants-Respondents, v. James B. URQUHART, Jr., *et al.*, Respondents-Appellants.

(149 S. E. (2d) 909)

*James D. Walters, Esq.,* of Columbia, *for Plaintiffs-Appellants-Respondents,*

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Defendants-Appellants-Respondents,*

*Messrs. Townsend & Townsend,* of Columbia, *for Intervening Defendants-Respondents,*

August 23, 1966.

WILLIAM L. RHODES, JR., Acting Justice.

This action was instituted by the plaintiffs for the purpose of having title confirmed in them, respectively, to certain lots hereinafter designated, and to further have the Court declare that the restrictive covenants contained in the deed to said property are inapplicable. In order to understand the precise issues presented by this appeal, it is necessary that the facts on which this action is premised be stated in some detail. The facts of this case are set forth fully in the Master's Report, and the following recital of facts is taken therefrom. As no party has excepted to these findings of fact by the Master they are binding here. *Kerr v. City of Columbia*, 232 S. C. 405, 102 S. E. (2d) 364; *White v. Livingston*, 231 S. C. 301, 98 S. E. (2d) 534.

On September 16th, 1938, Grace E. Jones conveyed 236 acres of land on Trenholm Road, which is now embraced in the Town of Forest Acres, and which includes the properties here at issue, to Jesse T. Reese, Jr., as Trustee for James B. Urquhart, James B. Urquhart, Jr., Jesse T. Reese, Sr., R. C. Johnson, Alice Robinson and David W. Robinson. On September 25th, 1940, approximately 100 acres of this property was platted by the Tomlinson Engineering Company as "Jackson Heights", which said plat was duly

recorded and all lots subsequently conveyed in this subdivision were sold from this plat as residential lots. On some date prior to 1946, the exact date not appearing in the record, James B. Urquhart, Sr. was, with the consent of the beneficial owners, substituted as Trustee for Jesse T. Reese, Jr., who had entered the military service. On February 5th, 1946, a contract of sale for Lots 25, 26, 27 and 28 in Block A as shown on a plat of Jackson Heights was executed between M. L. McCullough and James B. Urquhart, Trustee. Thereafter the owners decided to change from trustee to corporate ownership and on June 28th, 1946, the remaining unsold lots in Jackson Heights were conveyed to Jackson Heights Corporation. The stockholders of the newly formed corporation were identical to the record title holders of this property prior to this conveyance. In the deed conveying the remaining unsold lots to Jackson Heights Corporation, Lots 26, 27 and 28 of Block A were inadvertently omitted, they being three of the four lots for which there was outstanding the sales contract to M. L. McCullough. This error was not discovered and on February 1st, 1947, Jackson Heights Corporation conveyed the said four lots to Mr. McCullough, although as we have above shown, the corporation had record title to only Lot 25. This deed contained restrictions which provided *inter alia* that:

"Each lot shall be used only for private residential purposes and there shall be no more than one residence on any lot.

"The above covenants, conditions and restrictions shall be appurtenant to and run with the said lots. In the event of any violation of any of the above covenants by any grantee, or by the heirs or assigns of such grantee, then it shall be lawful for the grantor, his successors and assigns, or any property owner in the subdivision, to prosecute any proceedings at law or in equity against the person or persons violating, or attempting to violate, any such covenants, and either to prevent them or him from so doing, or to recover damages for such violation, or both. In the event

such suit is successful, the defendant therein shall be liable for costs and a reasonable attorney's fee in addition to any damages recovered.

"All persons by accepting title to any of the property referred to herein agree to these covenants."

At the time of this conveyance to Mr. McCullough by Jackson Heights Corporation, Mr. McCullough knew of the restrictions, agreed to them, and recorded the Jackson Heights Corporation deed.

All parties who are vested with the record title to Lots 26, 27 and 28 of Block A in Jackson Heights have been made defendants in this suit, but none of them have at any time claimed any interest in said lots other than to preserve the restrictions.

Jackson Heights was developed as a residential area. All of the lots were sold under restrictions such as those above quoted. The owners of this property retained no lots for business use and retained no right to lift these restrictions. Uniform restrictions were imposed. No part of the subdivision is now used for business purposes except insofar as the use by Mr. McCullough of a portion of his property for the planting of shrubbery for commercial purposes may be so considered. One small triangle of property is used for park purposes and a portion of the property is used for an Episcopal Church. All other lots are now used for residential purposes and almost all of the 217 lots constituting this subdivision are now occupied by residences. All of Jackson Heights is now zoned by the Town of Forest Acres for use as single family residences.

The Report of the Master in Equity was affirmed without change by the Circuit Court. The only portions of the lower court's disposition of the case with which this appeal is concerned are the following: (1) that Lots 26, 27 and 28 of Block A are subject to the restrictions in the deed from Jackson Heights Corporation to M. L. McCullough dated February 1st, 1947, and (2) that this is not a case for

payment of attorney's fees by plaintiffs to defendants' counsel. The plaintiffs have appealed from the first of these conclusions and the defendants have appealed from the second. We shall treat these questions in the order stated.

The plaintiffs take the position that since Jackson Heights Corporation did not have record title to the lots in question when the corporation cenveyed them to M. L. McCullough on February 1st, 1947, such deed was void and could not operate to restrict the said three lots. The plaintiffs contend that title should be confirmed in them to the lots in question not under authority of said deed, but under the principle of adverse possession, and that under such theory the restrictive covenants would not be applicable. It should be here mentioned that the title to these lots was confirmed in the plaintiffs by the lower court, from which there has been no appeal. Thus, we are not here concerned with the question of the ownership of the lots, but we are solely concerned with the question of whether or not the restrictions attach to such ownership by the plaintiffs. The premise upon which plaintiffs' position is based is that the deed was void. It is our opinion that this premise is not valid. The deed from Jackson Heights Corporation is not void as a transfer of title to Lots 26, 27 and 28 even though Jackson Heights Corporation did not have *record title* to these lots. At the time of the conveyance the title record holders were the same individuals who were the stockholders of the Jackson Heights Corporation. By authorizing the corporation to execute the deed to McCullough, they represented that the corporation had the right to convey. It is immaterial that this representation was based on the erroneous impression that they had conveyed these three lots to the corporation. It is patently true, as stated by the Master in Equity, that "if they had claimed the McCullough lots because of the error in naming the grantor, no court of equity would sustain their position". The record title holders would have been estopped to question the title of McCullough under these circumstances. It is further

our conclusion that the plaintiffs are likewise estopped to question the title. As stated in *Cruger v. Daniel,* 16 S. C. Eq. 67, 83:

"* * * All parties and privies are bound by an estoppel. An estoppel is reciprocal and binds both parties. A person making a conveyance who has no title at the time but afterward acquires one, is estopped to deny that he was seized at the time of the conveyance. *So a party accepting a conveyance is estopped to deny his grantor's title."* (Emphasis added.)

Therefore, even though Jackson Heights Corporation did not have record title to the three lots, it can be seen that the deed was not void. The corporation and its stockholders (the record title holders) were estopped to deny McCullough title, and no one else had standing to do so. The deed effectively conveyed title to McCullough and he is properly bound by the restrictions contained therein.

The second question for consideration is that posed by the exception of the defendants to the conclusion of the lower court that this is not a proper case for payment of attorney's fees by plaintiffs to defendants' counsel. The defendants rely upon the pertinent language of the covenant hereinabove quoted and take the position that the circumstances of this litigation are such as to bring into application this provision. The disposition of this question adverse to defendants by the lower court is, in our opinion, the correct one. The basic cause of action stated in the Complaint is confirmation of title in the plaintiffs. The basis for the bringing of this suit by the plaintiffs was occasioned by the above stated inadvertence of the defendants in making a transfer of the property in question. The defendants argue that the operation of a nursery by McCullough on the property in violation of the restrictions would in itself bring them within the language for the award of attorney's fees. While the lower court found such activity to be a technical violation of the restriction, it found that such was not objectionable and did not order that it be

discontinued, from which finding the defendants have not appealed. We feel that this case is not of such a nature as was contemplated to be covered by the provision awarding attorney's fees.

All exceptions to the decision of the lower Court are overruled and judgment is affirmed.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.