## 19028

PURE OIL DIVISION, Union Oil Company of California, and the South Carolina National Bank, as Trustee for Kay Mauterer, Respondents, v. The CITY OF COLUMBIA, South Carolina; the Board of Adjustment of the City of Columbia; Margaret B. Lovelace; Mary E. Raggio and Rosalie W. Bomar, Appellants.

(173 S. E. (2d) 140)

*Messrs. Thomas E. McCutchen, Roy D. Bates* and *R. Davis Howser,* all of Columbia, *for Appellants,*

*Messrs. McLeod & Singletary* and *Herbert, Dial & Windham,* of Columbia, *for Respondents,*

*Messrs. Thomas E. McCutchen, Roy D. Bates* and *R. Davis Howser,* all of Columbia, *for Appellants,* in Reply.

March 17, 1970.

LEWIS, Justice.

The issues in this appeal arise under the Zoning Ordinance of the City of Columbia, South Carolina.

The respondent, The South Carolina National Bank, has in its charge, as trustee, a parcel of land located on the northwestern corner of the intersection of Trenholm Road and Belt Line Boulevard in the City of Columbia. The parcel measures 238.4 feet on Belt Line Boulevard, 15.9 feet at the intersection, 249.5 feet on Trenholm Road, 227.7 feet on the west, and 150 feet on the north. This property is zoned by the City as *C-4, General Commercial.* That classification expressly includes gasoline filling stations as a permitted use in such districts. The property held by the Bank

as trustee is the only area zoned non-residential in the City within a radius of one mile of that point.

Under a lease with respondent, Pure Oil Division, Union Oil Company of California, the respondent Bank proposes to utilize the corner lot of its property for a gasoline filling station, as expressly permitted by the Zoning Ordinance, and an application was made to the Zoning Administrator for a zoning permit for such use. The Zoning Administrator concluded that the application met all of the requirements of the ordinance and approved it but, prior to the actual issuance of the permit, the individual appellants, who reside in adjoining residential districts, appealed to the Zoning Board of Adjustment which, after a hearing, reversed the decision of the Zoning Administrator and denied the permit.

Thereafter, respondents obtained a review by certiorari in the lower court of the decision of the Board of Adjustment, resulting in a reversal of the action of the Board and an order requiring that the permit be issued. In addition the lower court issued an order restraining the appellant, City of Columbia, from taking any action to rezone the property involved in this litigation, which would be inconsistent with its use for filling station purposes. This appeal is from both the restraining order and the order requiring that the permit be issued.

The questions to be decided are:

(1) Did the Board of Adjustment have the authority to deny the permit sought by respondents;

(2) Could the City of Columbia, by a subsequent amendment to the Zoning Ordinance, prohibit the use of the property involved for a filling station site; and

(3) Did the lower court err in restraining the City of Columbia from taking any action to rezone the property involved?

The answer to the first question is controlled by our decision in *Niggel v. City of Columbia,* filed simultaneously with this opinion. S. C., 173 S. E. (2d) 136.

The record here shows that the operation of a filling station on the property of respondents was an expressly permitted use under the Zoning Ordinance. The proposed operation met all legal requirements of the ordinance and was not incompatible with the character of the district in which it was located. Under identical facts, we held in *Niggel* that the Board of Adjustment had no authority to deny the permit for an expressly permitted use under the ordinance. The order of the lower court reversing the decision of the Board of Adjustment and requiring that the zoning permit be issued to respondents is accordingly affirmed.

Finally, appellants take the position that the lower court erred in restraining the City of Columbia from taking any action toward rezoning the property involved in this controversy.

It appears that respondents applied for a zoning permit on or about January 15, 1969 and, on the following day, January 16th, protests were filed against its issuance. The Zoning Administrator approved the application. His decision, upon appeal to the Board of Adjustment, was reversed by the Board on February 11, 1969. A petition for a writ of certiorari was subsequently granted on May 2, 1969 requiring that the record be certified to the lower court on or before May 19, 1969.

In the meantime, City Council scheduled a hearing before it for May 14, 1969 for the purpose of considering an amendment to the Zoning Ordinance. The purpose of the proposed amendment was to prohibit the use of respondent's property for a gasoline filling station. Upon the scheduling of the foregoing hearing, respondents obtained an order from the lower court restraining the City of Columbia from taking any action toward rezoning the property until the

further order of the court. Thereafter, the lower court issued an order on July 24, 1969 requiring that the zoning permit be issued to respondents and continuing in effect the restraining order previously granted.

While ordinarily, subject to exceptions, the court cannot enjoin a municipality from performing legislative functions, such as the amendment of zoning ordinances, 43 C. J. S. Injunction § 118; 42 Am. Jur. (2d), Injunctions, Sections 170 and 171, the issuance of the retraining order in this case, assuming its impropriety, did not affect the ultimate rights of the parties. If the ordinance had been amended, it would not have deprived respondents of the right to the permit sought.

In 1958, when the respondent Bank was designated trustee, there were five buildings on the entire property, two duplex apartments, a small frame office, a beauty parlor and a dry cleaning pick-up station. Upon realizing substantial funds from the sale of a strip of the property for street widening, the Bank began in 1968 the implementation of a plan for the reorganization of the entire property so as to utilize the corner lot for a filling station. Pursuant to such plan, the Bank removed the beauty shop and dry cleaning pick-up station from the buildings which encroached on the proposed filling station area to new quarters on other portions of the property. One of the duplex buildings, the small frame office and the old beauty shop building have already been demolished in keeping with the plan to clear the corner area for the proposed filling station. A lease has been entered into with the respondent Pure Oil which has incurred expenses in preparing detailed plans and specifications showing the location of the station building, pump islands, underground tanks, etc.

We agree with the findings of the lower court that, under the foregoing facts, respondents have substantially altered their position and incurred expenses and obligations in reliance upon the zoning ordinance in effect at the time of the application for a permit.

We have recognized the rule, that, when a zoning or building permit has been properly issued and the owner has incurred expenses in reliance thereon, he acquires a vested property right therein of which he cannot be deprived without cause or in the absence of public necessity. *Willis v. Town of Woodruff,* 200 S. C. 266, 20 S. E. (2d) 699; *Pendleton v. City of Columbia,* 209 S. C. 394, 40 S. E. (2d) 499; *Nuckles v. Allen,* 250 S. C. 123, 156 S. E. (2d) 633.

In the present case, the owner was not issued a permit but acted in reliance on the ordinance as it existed at the time of his application for the permit. The only factual difference between the situation of the owner here and that involved in *Willis* and *Pendleton* is that the owners in the cited cases acquired the protected rights after the permits were issued.

We see no sound reason to protect vested rights acquired after a permit is issued, and to deny such protection to similar rights acquired under an ordinance as it existed at the time a proper application for a permit is made. In both instances, the right protected is the same, that is, the good faith reliance by the owner on the right to use his property as permitted under the Zoning Ordinance in force at the time of the application for a permit. There are no intervening considerations of public necessity involved under the facts of this case.

In accordance with the then existing zoning ordinance, respondents were entitled to a permit to construct and operate a filling station on the lot in question; and its issuance could not be legally denied, even under a subsequently enacted ordinance prohibiting such use, so as to deprive the owner of the vested rights acquired. *Kerr v. City of Columbia,* 232 S. C. 405, 102 S. E. (2d) 364.

In *Kerr,* the owner acquired vested rights under a zoning ordinance of the Town of Eau Claire to use her property for business purposes. She applied to the Town for a building permit which was denied. Within two months there-

after Eau Claire was merged with the City of Columbia. When the owner then applied to the City of Columbia for a building permit to use her property for business purposes, it was denied on the ground that under the ordinances of the City of Columbia all newly annexed territory was considered residential in character. This Court held that the owner was entitled to the permit in accordance with the vested rights acquired by her under the ordinance of the Town of Eau Claire, and that the City of Columbia stood "in Eau Claire's shoes." Since Eau Claire could not deny the permit, because rights had become vested, neither could the City of Columbia, even if the latter's zoning ordinance applied so as to change the classification of this owner's property from business to residential.

The *Kerr* case is authority for the principle that vested rights acquired under a zoning ordinance in effect at the time of the application for a permit will be protected even against a change in the zoning ordinance, and controls our decision here on that issue.

Since a subsequently enacted ordinance could not have availed to deprive the owner in this case of the right to the issuance of the permit sought, the fact that the City may have been illegally enjoined from taking such ineffective action could not have prejudicially affected the rights of any of the parties. The restraining order heretofore issued by the lower court is accordingly dissolved.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.