## 19027

Margaret NIGGEL and Hess Realty Corporation, Respondent, v. The CITY OF COLUMBIA, South Carolina, The Zoning Board of Adjustment of the City of Columbia, South Carolina and J. A. Hutto, Jr., of whom J. A. Hutto, Jr., is, Appellant.

(173 S. E. (2d) 136)

*Messrs. James W. Alford* and *J. A. Hutto, Jr.,* of Columbia, *for Appellant,*

*Messrs. N. Welch Morrisette, Jr.,* of Columbia, *for Respondent, Margaret Niggel,* and *Robinson, McFadden & Moore,* of Columbia, *for Respondent, Hess Realty Corporation,*

March 17, 1970.

LEWIS, Justice.

This appeal involves the right of respondent, Margaret Niggel, under the applicable zoning ordinances, to construct and operate a gasoline filling station on her property at the southeastern corner of the intersection of Devine Street and Kilbourne Road in the City of Columbia, South Carolina.

The City of Columbia has in effect a Zoning Ordinance which divides the City into geographical districts and prescribes the uses to which property may be devoted in the various districts. Under its terms, no building may be constructed without first obtaining a zoning permit from the Zoning Administrator who is the administrative official. He can only issue a permit in accordance with the uses prescribed by the Ordinance for the district in which the property affected is located. Appeals are permitted from the decisions of the Zoning Administrator to the Board of Adjustment. In general, the Board of Adjustment has the power and duty to review administrative decisions of the Zoning Administrator and to grant special exceptions and variances from the terms of the Ordinance as specified therein.

Mrs. Niggel, or members of her family, have owned the property here involved since 1916. It was being used for commercial purposes when acquired and has been so used to the present time. The property is situated in a zoning district classified as C-4, General Commercial. Such classification expressly includes gasoline filling stations as a *permitted use* in such district. Zoning Ordinance of the City

of Columbia, 1963, page 87. The zoning district in which the Niggel property is located, now contains a filling station immediately across the street from the site in question, a drug store, a vacant grocery store, and one other commercial structure. No residences are located in the district, but it is surrounded by areas zoned for residential purposes. The appellant Hutto is a resident of one of the adjoining residential areas and opposes the use of respondent's property for a filling station.

Mrs. Niggel, relying upon the foregoing classification of her property for commercial use, leased a portion thereof to respondent Hess Realty Company, upon which Hess was to construct and operate a gasoline filling station. Hess then applied for a building and zoning permit for such purpose and the Zoning Administartor concluded that it should be issued. This decision of the Zoning Administrator was appealed to the Zoning Board of Adjustment. After hearing all interested parties, the Board reversed the decision of the Zoning Administrator and denied the permit, upon the ground that the proposed use of the property for a filling station site would be "incompatible with the district and neighborhood in that such an operation at this location would be potentially dangerous by reason of noise, glare and traffic congestion." Upon review by the circuit court under a writ of *certiorari,* the decision of the Board of Adjustment was reversed and the proper agent of the City of Columbia was directed to issue the permit requested by Mrs. Niggel. The lower court based its decision, in part, upon the ground that there was no evidence to sustain the action of the Board. Only the appellant Hutto has appealed from the order of the lower court.

While questions are presented which challenge the sufficiency of the exceptions and the right of appellant to prosecute this appeal, we have decided to dispose of the appeal on the merits, making it unnecessary to decide the foregoing questions.

The first question to be decided is whether the record sustains the action of the Board of Adjustment in denying the zoning permit sought by the respondent.

The record conclusively shows that the use to which respondent seeks to devote her property is expressly permitted by the Zoning Ordinance and that the proposed filling station operation will otherwise conform with every legal requirement of the City. Therefore, in essence, the Board of Adjustment has attempted in this case to deny respondent the right to use her property for a purpose expressly permitted by the Zoning Ordinance. This, we have held, the Board cannot do. *Stevenson v. Board of Adjustment*, 230 S. C. 440, 96 S. E. (2d) 456.

It is contended however, in this case, that the Board of Adjustment had authority, under paragraph 3, at page 80, of the Ordinance, to deny the permit for a use expressly permitted. Paragraph 3 is a part of the Section dealing with C-4, General Commercial Districts and appears under the heading of "Prohibited Uses and Structures." It apparently designates, as a prohibited use, the following:

"Any use which the Board of Adjustment, upon appeal and after investigation of similar uses elsewhere, shall find to be potentially noxious, dangerous or offensive to persons in the district or to those who pass on public ways by reason of odor, smoke, noise, glare, fumes, gas, vibration, threat of fire or explosion, emmission of particulate matter, radiation, interference with radio or television reception or likely for other reasons to be incompatible with the character of the district."

Before the Board could deny a permit under the terms of the foregoing provision, it must appear that the use to be prohibited would be "potentially noxious, dangerous or offensive to persons in the district or to those who pass on public ways * * * or likely for other reasons to the incompatible with the character of the district."

Apparently the Board adopted the view, urged here by appellant, that the term *district,* as used in the quoted provision, means the surrounding districts or neighborhood, compatibility of the proposed filling station operation with the adjoining residential areas. This was error.

The Zoning Ordinance provides for the division of the City of Columbia into districts with definite geographical limits, which are shown on an official zoning map. The term "district", as used in the Ordinance, means the respective geographical areas into which the City has been divided for zoning purposes. The property of respondent lies in a clearly defined area which has been classified or zoned as a commercial district. The *incompatibility* of the proposed use of respondent's property must be determined, under the clear terms of the Ordinance, from the character of the *district* in which it is situated and not by the character of the surrounding districts. Any other construction would render the zoning districts meaningless because it would, in effect, confer upon the Board of Adjustment the power to rezone any district in the City by determining incompatibility with reference to the character of the surrounding districts and not the district in which the property involved is located. Clearly, the Board of Adjustment has no authority to rezone.

As previously pointed out, the Board of Adjustment based its denial of the permit upon the ground that the proposed filling station operation would be potentially dangerous by reason of noise, glare and traffic congestion and therefore incompatible with the district and neighborhood. There is a total absence of any evidence in this record to show that the operation of the filling station proposed site will be potentially noxious, dangerous or offensive to persons in the district in which it will be situated or to persons passing on public ways, or that it would in any other manner be incompatible with the character of the district. As stated in the order of the trial judge, there has been a filling sation across the street from this location for many years with-

out untoward results; there is no mention of noise in the testimony; there is testimony to the effect that the Zoning Ordinance controls lighting in the area; and there is no showing that the proposed filling station will add to the present traffic congestion. The record simply shows that this will be a normal filling station operation in a district zoned for such use and complies with all legal requirements of the City of Columbia. Under such circumstances, the Board of Adjustment was without authority to deny to respondent the right to use her property for such purpose.

The decision of the Board of Adjustment in this case was without legal evidence to support it and is accordingly reversed.

Appellant argues however that "the board is presumed to have its own special knowledge of the area in question and its decision, based on that knowledge, should have been sustained even had there been no testimony at all presented at the hearing."

The Zoning Ordinance requires that the Board of Adjustment determine issues presented to it after notice and a hearing. Its findings and decisions as to whether a proposed use of property complies with the uses permitted in a particular district must of necessity be reached on the basis of the evidence and record before it. While members of the Board may be presumed to have special knowledge of the area involved and may, under proper circumstances, use such knowledge in deciding a matter, there is no presumption that its special knowledge as to disputed factual issues was used in reaching a decision. As a general rule, before the special personal knowledge of the members of the Board may be used as a basis for its decision, such fact must be set forth in the record, together with a statement of the facts which are known to the board and not otherwise disclosed in the record. Such disclosure of record has a two-fold purpose—first, to afford the parties an opportunity to test the accuracy or relevance of the board's personal in-

formation relative to the disputed issues to be decided and, second, to provide a record for an intelligent review by the court. A lack of evidence at the hearing or disputed factual issues cannot be supplied by a presumption that the board had special information which was not shown in the record. 2 Am. Jur. (2d), Administrative Law, Section 386; Vol. 3, Anderson American Law of Zoning, Section 16.37.

If the Board of Adjustment based its decision in this case on special knowledge which it possessed of the area in question, neither that fact nor the nature of the special information appears in this record. Our review is accordingly confined to the evidence presented at the hearing before the Board.

Finally, appellant contends that the lower court, upon finding that the evidence was insufficient to support the decision of the Board of Adjustment, should have ordered the taking of additional testimony as permitted under the provisions of Section 47-1015 of the 1962 Code of Laws. This section deals with review by certiorari of decisions of the Board of Adjustment and provides, in part, as follows:

"If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report it to the court with his findings of facts and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decisions brought up for review."

Since the procedure for review of decisions of the Board is by certiorari, Section 47-1014, 1962 Code of Laws, the foregoing provisions must be construed in that light.

While, as a general rule, certiorari is heard on the record returned in obedience to the writ, *Whisonant v. Belue,* 127 S. C. 483, 121 S. E. 360, the quoted provision allows the court to take the additional testimony where considered

necessary. It permits the taking of testimony upon review of the decision of the Board of Adjustment if the lower court, in its discretion, concludes that such is "necessary for the proper disposition of the matter." Its purpose is not to grant a trial *de novo,* but is designed to afford the review-court authority to supplement the record so as to provide a basis for an intelligent review of the actions of the Board. The fact that the statute provides for reference to a referee with the right to report "his findings of fact and conclusion of law" does not permit the reviewing court to arbitrarily substitute its judgment for that of the Board of Adjusment, but simply provides a method whereby the court may have before it all of the facts necessary to determine whether the proper basis exists for the judgment under review.

The question of whether evidence will be taken upon ■ review of a decision of the Board is within the sound discretion of the reviewing court and its decision will not be reversed unless an abuse of such discretion is shown.

It therefore follows that the question, whether testimony will be taken upon review of a decision of the Board, must ordinarily be presented in the first instance to the reviewing court with whom discretion in the matter rests, or it will not be considered on appeal to this court.

In this matter, pursuant to the opportunity afforded, ■ the parties presented testimony before the Board and the testimony so taken constituted the record before the lower court. The parties were apparently satisfied with the record made before the Board for no request or motion was made upon review for the taking of additional testimony. Assuming that circumstances might exist which would require the reviewing court, on its own motion, to order the taking of testimony, there is nothing to indicate that it should have been done in this case. Under these circumstances, since the question relative to the taking of additional testimony was not presented to or passed upon by the lower court, it will not be considered on appeal.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.