## 21549

UNION OIL OF CALIFORNIA, Respondent, v. The CITY OF COLUMBIA ZONING BOARD OF ADJUSTMENT, Appellant.

(281 S. E. (2d) 479)

*Roy D. Bates, Danny C. Crowe* and *Robert G. Cooper,* Columbia, *for appellant.*

*Robert E. Staton,* of *Quinn & Smith,* Columbia, *for respondent.*

August 17, 1981.

LEWIS, Chief Justice:

This is a zoning case and involves a construction of Section 5-2.5 of the Zoning Ordinance of the City of Columbia. This section deals with "a nonconforming use" and, under our view of the matter, the dispositive issue is whether its provisions also apply to a "permitted special exception" (Section 6-6.4 of the Zoning Ordinance).

The present parcel of land was previously involved in *Pure Oil Division v. The City of Columbia,* 254 S. C. 28, 173 S. E. (2d) 140. In that case, the City of Columbia Zoning Board of Adjustment was directed to issue a permit for the operation of a gasoline service station on the property. The lot was then zoned C-4, General Commercial, which expressly authorized such use.

Since the *Pure Oil* case, City Council has revised the zoning ordinance, changing the particular lot from a C-4 to a C-3 classification, with the result that a filling station is now no longer a "permitted use" but a use to be allowed only as a "permitted special exception."

A permit for the operation of a gasoline service station on the property was in effect at the time the ordinance was changed, and a filling station was operated at the location both before and after the zoning change. However, an automobile service station had not been operated on the lot for a period of twelve (12) months and ten (10) days prior to the application giving rise to this controversy.

After the property was rezoned and after the property had been vacant for over twelve (12) months, respondent Union Oil (of which Pure Oil was a division) filed an application requesting approval for the installation of a new gasoline pump island and canopy on the lot. Upon the in-

structions of the zoning administrator and over the objections of respondent Union Oil, respondent's application was revised to also request the reestablishment of a service station. In requiring an application to reestablish the right to operate a service station on the property, the zoning administrator relied upon the following provisions of Section 5-2.5 of the Zoning Ordinance:

Reestablishment: A nonconforming use, or characteristic of use, shall not be reestablished after vacancy, abandonment, or discontinuance for any period of twelve (12) consecutive months, except where Section 5-2.6 applies. (Section 5-2.6 applies to destroyed premises and has no application to the present action.)

Reliance upon the foregoing section was based upon the contention that the use as a service station, after the effective date of the rezoning, was a nonconforming use within the meaning of the zoning ordinance. In other words, the use was lawful before the amendment of the ordinance but, after the amendment was not in compliance with the ordinance because it was a use not permitted except as a special exception.

The appellant, Zoning Board of Adjustment, denied respondent's application but, upon review by the lower court, the decision of the Board was reversed and the Board has appealed. We affirm.

The lower court correctly held that Section 5-2.5, *supra,* applied to nonconforming uses or characteristics of uses and does not apply to permitted special exceptions allowed by Section 6-6.4 of the Zoning Ordinance; therefore, Section 5-2.5 did not operate to cause respondent to lose its right to operate a service station on the property. It is not disputed that, if respondent is required to obtain a permit to reestablish the operation of an automobile service station on the property, it must be under the authority of the ordinances governing nonconforming uses, particularly Section 5-2.5, quoted above.

Section 5-2.5 refers only to nonconforming uses or characteristics of uses. The ordinances define a nonconforming use as:

A term applied to lots, structures, uses of land or structures, and characteristics of use of land or structures which were lawful before the passage or amendment of this ordinance, but which are prohibited by this ordinance or which are not in compliance with the requirements of this ordinance. (Section 2-2.4.)

The contention that the operation of the service station on the property was unlawful after the amendment of the ordinance overlooks some of the basic facts. In the *Pure Oil* case, this Court held that respondent was absolutely entitled to a permit to conduct its business under the ordinance existing at the time of its application and in view of its change of position in reliance thereon. We must assume that a permit was ultimately granted since the record indicates that the respondent did conduct a filling station business on the lot for many years. Respondent, therefore, *had a permit* at the time the ordinance was changed. Hence appellant's requirement that respondent must seek to *reestablish* its right to operate the filling station as a special exception was obvious error.

As pointed out, the lot in question is now zoned in a C-3 classification. Automobile service stations are not prohibited in a C-3 district, but are expressly permitted under certain circumstances. Section 6-6.4, *supra,* of the Zoning Ordinances. In addition, as stated by the lower court, the record is devoid of any evidence establishing that the station on the lot was not in compliance with the ordinance.

The lower court correctly reasoned: "The error in requiring an application to reestablish is further pointed up by the language of Section 5-2.5. That Section provides that the use 'shall *not* be reestablished.' Section 2-1.5 of the Ordinance declares the word 'shall' to be mandatory. Had

Section 5-2.5 applied to the present situation petitioner's [respondent's] application would have been prohibited since the uses referred to in Section 5-2.5 cannot be reestablished. Since a service station can be established in a C-3 district, Section 5-2.5 does not apply in this action."

The ordinance contains no provisions as to when one might lose the right to continue to operate a permitted special exception.

We therefore affirm the finding of the lower court that appellant was in error in requiring respondent to apply to reestablish its existing right to operate an automobile service station on the property in question.

In view of the foregoing conclusions, we find it unnecessary to reach the other issues argued.

This controversy began with an application by respondent to install a new gasoline pump island and canopy. That was the sole issue properly before appellant. The record reveals, however, that the question of the installation of the additions to the existing structure on the property was apparently lost sight of in the contest over the reestablishment of the right to operate the business. We think, therefore, that it would be proper for the cause to be remanded to the appellant for a hearing and determination of the original application of respondent to install the new gasoline pumps and canopy.

The case is accordingly remanded to the City of Columbia Zoning Board of Adjustment for a hearing and determination of the application of respondent to install a new gasoline pump island and canopy on the property.

Affirmed and remanded.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.