## 21034

Harold I. SHERMAN and Minnie R. Sherman, Respondents, v. Paul REAVIS, Joseph P. Riley, Jr., the City Council of the City of Charleston (J. Rutledge Young, Jr., Jerome Kinloch, Daniel L. Richardson, Hilda Hutchinson Jefferson, Arthur W. Christopher, Brenda C. Scott, George A. Z. Johnson, Jr., Mary R. Ader, James B. Moore, Jr., Wacon L. Stephens, Jr., and Henry E. Grimball, constituting members of the City Council), Appellants.

(257 S. E. (2d) 735)

*William B. Regan* and *Alice F. Paylor,* Charleston, *for appellants.*

*Harvey M. Spar,* Charleston, *for respondents.*

August 20, 1979.

RHODES, Justice:

This appeal is from a lower court order entered in an action of mandamus directing the City of Charleston to issue respondents, the Shermans, building permits for the construction of billboards upon their property. We reverse, con-

cluding that the denial of the permits by the City was proper in view of a legally pending zoning ordinance which would prohibit the Shermans' intended use.

The property upon which the Shermans sought to erect the billboards is located in the "Neck" area of Charleston County. Following a referendum and election, this area was declared annexed to the City of Charleston [City] by municipal resolution of December 28, 1976. The City subsequently commenced the appropriate procedures to complete annexation and, after experiencing some delay by reason of a federal court suit questioning the validity of the annexation, the City concluded the final step for consummating the annexation in July, 1977. In early August, 1977, the City assumed jurisdiction of the area and began providing services.

On September 8, 1977, the respondents requested the building permits now in question. The permits were denied on the ground that the City was in the process of zoning the area and the Planning and Zoning Commission had, at that time, recommended a zoning classification which, if adopted by Council, would prohibit billboards on the property.

It is conceded that the "Neck" area came into the City as unzoned property upon its annexation thereto. The parties agree, however, that prior to the annexation, the area had been zoned by Charleston County so as to forbid the erection of billboards.

The City contends that it should have the right to re-refuse building permits for a newly annexed area when the applicant's intended use is repugnant to the terms of a proposed ordinance then pending upon the date the aplication is filed and which is subsequently enacted. We agree.

Under South Carolina statutes, a municipality, in order to enact zoning ordinances, is required to refer the matter for public hearings to a zoning commission comprised of

appointed citizens, § 5-23-60; to provide a public hearing before the Municipal Council following receipt of a final report from the zoning commission, § 5-23-60; to furnish the public with proper notice 30 days prior to such hearing, § 5-23-40; and to provide for two readings of the ordinance before Council with at least six days between readings, § 5-7-270.

It is clear that the process of rezoning the newly annexed "Neck" area had reached an advanced stage of this statutory procedure at the time the Shermans made application. Prior to their request, the Charleston City Council had referred the zoning of the property in question to the Planning and Zoning Commission for its recommendations. On August 12, 1977, an advertisement appeared in the local Charleston newspaper stating that City Council would hold a public hearing on September 13, 1977, to consider "Neck" zoning and further announcing the meeting of the City Planning and Zoning Commission on August 17, 1977. Also contained in the advertisement was a map indicating the proposed zoning classifications for the area in question. On August 17, 1977, the City Planning and Zoning Commission met and recommended a proposed zoning plan which would in effect deny billboards on the Shermans' property.

Subsequent to the Shermans' request, the City Council on Septemebr 13, 1977 held a public hearing and gave first reading to an ordinance which zoned respondents' property in a manner prohibiting billboard uses. The ordinance was adopted and ratified on September 27, 1977. In the interim, respondents filed a petition for a writ of mandamus on September 23, 1976, which was predicated on the claim that they had a legal right to the issuance of the building permits inasmuch as the intended use of their land was not proscribed by any existing zoning regulation at the time application was made.

On appeal, respondents urge that the law in effect at the time of application or, in this case, the mere absence of zon-

ing regulations, is the sole criteria for adjudication of their right to a permit. It follows, they assert, that since they applied for a permit at a time when the proposed construction of billboards upon their property was not specifically prohibited by law, by virtue of the temporary void in zoning, they therefore acquired a vested right to use of their property in this manner. We cannot agree.

The prior holdings of this Court cited by respondents have been directed towards the protection of property rights acquired by applicants who have incurred expenses or substantially changed their position under an issued permit, *Whitfield v. Seabrook,* 259 S. C. 66, 190 S. E. (2d) 743 (1972), or who have relied in good faith on the right to use property as permitted under zoning ordinances in force at the time application was made. *Pure Oil Division v. City of Columbia,* 254 S. C. 28, 173 S. E. (2d) 140 (1970); *Kerr v. City of Columbia,* 232 S. C. 405, 102 S. E. (2d) 364 (1958). Neither circumstance is present here.

Respondents have presented little, if any, proof of expenditures or incurrence of obligations in good faith reliance upon their proposed use. *See Pure Oil Division v. City of Columbia, supra.* Nor were there ever in effect any ordinances upon which respondents might have reasonably relied for authority to construct billboards upon their property as was present in *Kerr, supra.* In fact, respondents candidly conceded in oral argument that their permit was sought in anticipation of and in an effort to circumvent the pending ordinance and take advantage of the interim gap between zonings.

We hold that a municipality may properly refuse a building permit for a land use in a newly annexed area when such use is repugnant to a pending and later enacted zoning ordinance.

This holding, which is followed by numerous jurisdictions, is supported by sound reasoning. *See, generally,* Annot., 50

A.L.R. (3d) 596, 623-32 (1973). As stated in *Chicago Title & Trust Company v. Village of Palatine*, 22 Ill. App. (2d) 274, 160 N. E. (2d) 697, 700 (1959) :

It would be utterly illogical to hold that, after a zoning commission had prepared a comprehensive zoning ordinance or an amendment thereto, which was on file and open to public inspection and upon which public hearings had been held, and while the ordinance was under consideration, any person could by merely filing an application compel the municipality to issue a permit which would allow him to establish a use which he either knew or could have known would be forbidden by the proposed ordinance, and by so doing nullify the entire work of the municipality in endeavoring to carry out the purpose for which the zoning law was enacted.

While in the present case respondents' application for a permit was made five days prior to the public hearing before City Council, we think the City's previously publicized declaration of its intention to zone the "Neck" area when coupled with the Planning and Zoning Commission's final action on the matter was sufficient to bring this case within the "pending ordinance doctrine" which we herein adopt. Clearly, the matter of rezoning the area in which respondents' property is situated was a matter of public notoriety at and before the time of the filing of their application for a building permit. Respondents were well aware that the prior Charleston County zoning ordinance governing the "Neck" area had not condoned their intended use and knew, or could have known, through the newspaper advertisement or the maps which were on file, that the proposed ordinance would likewise prohibit such a use.

An ordinance is legally pending when the governing body has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on the rezoning. *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A. (2d) 464 (1974).

It is clear from the record that respondents applied for their permit several weeks after notice was published concerning the public hearing to be held on the rezoning of the "Neck", after the hearing before Planning and Zoning Commission, and five days before City Council gave favorable first reading to an ordinance adopting the recommendations of the Commission. In *A. J. Aberman, Inc. v. City of New Kensington,* 377 Pa. 520, 105 A. (2d) 586 (1954), an ordinance was held to be legally pending where the zoning commission after public notice held hearings and then submitted its final report to Council recommending the proposed rezoning. Aberman's application was filed on the same day the report was filed. And, in *People ex rel. Gustafson v. Calumet City,* 101 Ill. App. (2d) 8, 241 N. E. (2d) 512 (1968), it was held that a city could delay issuance of a building permit where the proposed ordinance had already been considered and recommended by the zoning board but had not yet reached the City Council for its action.

Under the facts of the present case, we conclude that the City's refusal to issue respondents' permit was proper, and that the lower court erred in issuing a writ of mandamus.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.