0704

W. L. PATTERSON, Jr., a/k/a W. L. Patterson, Plaintiff v. Edward A. GOLDSMITH, Elza Jackson, and Emanuel Jackson, Defendants.
Edward A. GOLDSMITH, Elza Jackson, and Emanuel Jackson, Third-Party Plaintiffs-Respondents v. COUNTY OF GREENVILLE, Third-Party Defendant-Appellant.

(343 S. E. (2d) 661)

Court of Appeals

*Greenville Co. Atty. Walter H. Parham,* Greenville, *for third-party defendant-appellant.*

*Ray D. Lathan,* Greenville, *for third-party plaintiffs-respondents.*

Submitted Jan. 29, 1986.

Decided May 12, 1986.

Goolsby, Judge:

The respondents Edward A. Goldsmith, Elza Jackson, and Emanuel Jackson seek by a cross-complaint directed against the appellant County of Greenville either to have real property allegedly sold by the County to the plaintiff W. L. Patterson, Jr., reconveyed to them or to be compensated for the "fair value of the land." The allegations of the cross-complaint rest upon alternate theories of estoppel and "wrongful taking."

The gist of the cross-complaint is that the County Tax Collector on June 7, 1982, sold property belonging to Goldsmith and the Jacksons for delinquent taxes and on May 31, 1983, gave them notice that they had 30 days within which to redeem the property. On June 11, 1983, Elza Jackson paid the Tax Collector the amount owed for the back taxes and

the County marked the taxes paid as of June 15, 1983. On October 6, 1983, the Tax Collector notified Goldsmith that the delinquent taxes had been "paid in error." The Tax Collector explained to Goldsmith that "[d]ue to error on our part, you were allowed to redeem property sold at our 1982 tax sale after the year for redemption had expired." He advised Goldsmith the redemption was therefore being voided and the sale of the property would be completed. On October 20, 1983, the Tax Collector executed a deed conveying the property to Patterson.

The County demurred to the cross-complaint on the ground that the cross-complaint alleged insufficient facts to constitute a cause of action. The hearing judge overruled the demurrer without comment.

Since the sale of the property occurred on June 7, 1982, Goldsmith and the Jacksons, under the tax enforcement statutes then existing, had 12 months from that day to redeem the property by paying the sheriff the taxes due and other charges. *See* Code of Laws of South Carolina § 12-49-520 (1976), *repealed by* 1985 Acts No. 166 § 17. Obviously, the attempted redemption on June 11, 1983, came too late.

Prior to January 1, 1986 [*see* 1985 Act No. 166], there were two procedures for collecting delinquent taxes, that prescribed by Sections 12-49-10 through 12-49-970 of the Code of Laws South Carolina (1976) and that permitted by Sections 12-51-10 through 12-51-170 of the Code. The alternative procedure was to be followed only where a county by resolution elected to employ it. *See* Code of Laws of South Carolina § 12-51-20 (1976), *repealed by* 1985 Act No. 166 § 17. The cross-complaint contains no allegation that Greenville County chose to follow the alternative procedure.

Although the alternative procedure for collecting taxes required the delinquent taxpayer to be notified at least 20 days before the end of the redemption period for real estate sold for nonpayment of taxes that his property had been sold [*see* Code of Laws of South Carolina § 12-51-120, amended by 1985 Act No. 166 § 12], the other procedure neither imposed any such duty nor conferred any such authority upon a tax collector. *See Id.* § 12-49-460, *repealed by* 1985 Act No. 166 § 17, and § 12-49-520, *repealed by* 1985 Act

No. 166 § 17. Thus, the County was neither required nor empowered to notify Goldsmith and the Jacksons of the approaching end of the redemption period.

Goldsmith and the Jacksons argue that the County is estopped from denying them the opportunity to redeem their property because the County represented to them that they had 30 days from May 31, 1983, to redeem their property and they relied on its representation by paying the delinquent taxes and other charges. We disagree.

Because the County had neither a duty nor authority to notify a delinquent taxpayer of the approaching end of the redemption period, the Tax Collector's notification to Goldsmith and the Jacksons that they had 30 days from May 31, 1983, within which to redeem the property was clearly an *ultra vires* act. As an *ultra vires* act, the County would not be estopped to deny Goldsmith and the Jacksons the opportunity to redeem their property.

It has long been the law in this state that estoppel will not lie against a governmental body for an *ultra vires* act. *Baker v. State Highway Department*, 166 S. C. 481, 165 S. E. 197 (1932), *overruled on other grounds, McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985); *South Carolina National Bank of Charleston v. Union County*, 162 S. C. 356, 160 S. E. 733 (1931); *see Oswald v. County of Aiken*, 281 S. C. 298, 315 S. E. (2d) 146 (Ct. App. 1984); 28 Am. Jur. (2d) *Estoppel and Waiver* § 127 at 789-90 (1966).

The assertion by Goldsmith and the Jacksons that the County deprived them of their property without due process of law and that their property therefore was "taken" is manifestly without merit. The cross-complaint clearly shows that the County sold real property of Goldsmith and the Jacksons pursuant to the authority conferred upon it by Section 12-49-460 of the Code. *Cf. Key Sales Company v. South Carolina Electric and Gas Co.*, 290 F. Supp. 8, 29 (D. S. C. 1968), *aff'd*, 422 F. (2d) 389 (4th Cir. 1970) ("There can be no . . . 'taking' when defendant did that which it lawfully had the right to do").

One final note, the cross-complaint shows that the County

returned to Goldsmith the amount paid to redeem the property.

Reversed.

SHAW and CURETON, JJ., concur.