### 22613

The CONTINENTAL SOUTHEASTERN GROUP, Petitioner-Respondent v. The CITY OF FOLLY BEACH and Ed Wilder, Respondents v. The FOLLY ISLAND RESIDENTS' ASSOCIATION, INC., Intervenor-Appellant.

(348 S. E. (2d) 837)

Supreme Court

*John Robert Haley* and *Bachman S. Smith, III*, of *Brockinton, Brockinton & Smith*, Charleston, *for intervenor-appellant.*

*Gedney M. Howe, III, Ellison D. Smith, IV*, of *Long, Smith & Jordan*, Charleston, and *Stephen Spitz*, Columbia, *for petitioner-respondent.*

*Ben Peeples*, Charleston, *for respondents.*

Sept. 22, 1986.

FINNEY, Justice:

This is an action by Continental Southestern Group (Continental), the development agent of RealTec Group of South Carolina (RealTec), seeking a Writ of Mandamus to require the City of Folly Beach (City) to issue a permit authorizing the construction of an access road to the "Seabrook Property." The appellant, Folly Island Residents' Association, Inc., intervened without objection and participated at the hearing of this matter. The trial court issued an order of mandamus and this appeal followed. We affirm.

In 1981 Robert J. Dorn, who is a principal in Continental and the sole stockholder of RealTec, took an option to purchase the "Seabrook Property." The property had been zoned R-1 (PUD) since as least 1978.

On May 15, 1984, the Folly Island Residents' Association presented the City of Folly Beach with two proposed ordi-

nances which would provide (1) a forty (40') foot height limitation for buildings in the commercial district of the City of Folly Beach, and (2) the elimination of the zoning designation R-1 (PUD) in favor of a zoning designation of simply R-1. The designation R-1 contemplates single family residences while the designation R-1 (PUD) or Planned Unit Development contemplates large condominium projects.

On July 11, 1984, fifty-seven days after the proposed ordinances were submitted to the City of Folly Beach, RealTec exercised its option to purchase "Seabrook Property." RealTec plant to develop a high density condominium project on this property. It is apparent from the record that the Folly Beach City Council and the Mayor were aware of the proposed development for several years prior to the submission of the rezoning proposal. City Council voted against the rezoning proposals and no advertisement was made of any intention to hold any further hearings.

On October 26, 1984, Continental applied for a permit, in compliance with the ordinances of the City of Folly Beach, to construct an access road to the "Seabrook Property" in order to begin development of the property. The permit application was denied by the building official acting in his official capacity. There is a conflict as to the basis upon which the permit was denied. The formal letter of denial stated the City was prohibited from issuing the permit pursuant to the "pending ordinance doctrine." However, the testimony of the building official indicates he denied the permit on instructions from the Mayor of the City.

The appellant asserts that the "pending ordinance doctrine," adopted by this Court in *Sherman v. Reavis*, 273 S. C. 542, 257 S. E. (2d) 735 (1979), controls the disposition of this matter and requires reversal of the trial court's order. The facts of *Sherman v. Reavis* are distinguishable from the case at bar. In *Sherman*, the City of Charleston had recently annexed the area in dispute and it was in the advanced stage of rezoning the property prior to the respondent's application for a building permit. The Court held in *Sherman*, "that a municipality may properly refuse a building permit for a land use in a newly annexed area when such use is repugnant to a pending and later enacted zoning ordinance." The Court further stated that "[a]n ordinance is legally pending when the governing body has resolved to consider a particu-

lar scheme of rezoning and has advertised to the public its intentions to hold public hearings on the rezoning."

Under the facts of this particular case, the trial court correctly concluded the "pending ordinance doctrine" does not preclude the issuance of the permit. As the trial judge notes in his order, the City Council voted against the proposed ordinance and had not advertised any intention to hold public hearings on the matter. The test for application of the legally pending ordinance doctrine has not been met because the Folly Beach City Council had not resolved to consider a particular scheme of rezoning.

We deem it unnecessary to consider the remaining issues presented by the appellant, and affirm the order of the trial court.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.