0952

SOUTH CAROLINA COASTAL COUNCIL, A State Agency, Appellant v. Daniel A. VOGEL, Jr., and Grace A. Vogel, Respondents.

(357 S. E. (2d) 187)

Court of Appeals

General Counsel *C. C. Harness, III, S. C. Coastal Council,* Charleston, and *Robert J. Moran, Jr.,* Murrells Inlet, *for appellant.*

*James B. Van Osdell* and *Cynthia Graham Howe, Van Osdell, Lester, Stewart, McCutchen & Brittain, P.A.,* Myrtle Beach, *for respondents.*

Heard April 13, 1987.

Decided May 4, 1987.

Appeal Dismissed by the Supreme Court July 1, 1987.

CURETON, Judge:

The South Carolina Coastal Council (Council) commenced this action for a mandatory injunction to require Daniel A. and Grace A. Vogel to remove a deck they had constructed without a permit over a primary sand dune at their Myrtle Beach home. The circuit court found the Council estopped to require removal because its agent had represented to the Vogels that no permit was required. The Council appeals. We reverse and remand.

The Vogels purchased their oceanfront home in May of 1980 and began extensive renovations. In the winter of 1980-81 a severe storm completely destroyed an existing deck behind the landward side of a primary sand dune on their property. The Vogels removed the destroyed deck and built a set of steps for beach access. In the summer of 1981 the City of Myrtle Beach bulldozed sand up to the primary dune as part of a beach renourishment project. When the bulldozer operator pushed the beach steps into the Vogel's yard at Mr. Vogel's request, he uncovered lumber footings on the seaward side of the dune which the Vogels claim are from a pre-existing deck.

In August of 1982 Mr. Vogel began inquiries into rebuilding a deck on his property. He testified he contacted the City of Myrtle Beach, who referred him to the Council in Charles-

ton. The Charleston office then referred him to Ken Hance, a planner for the Council in Myrtle Beach. Mrs. Vogel testified Mr. Hance visited the property several days later and they discussed the procedure for building the deck. She testified she showed him where the deck had been and told him they wished to replace it. According to Mrs. Vogel, Mr. Hance told her they would need a permit to move the deck, but that if the deck was put back in its original location, no permit would be required. She also testified he saw the previously uncovered footings on the seaward side of the dune. Mr. Vogel testified he spoke with Mr. Hance in February or March of 1983, and asked then if he could move the location of the deck. He also testified that Mr. Hance told him they could put the deck back in its original location, but would have to obtain a permit if the deck were moved.

Mr. Hance testified his contact with the Vogels was purely to establish the "critical area line" on the oceanfront of their lot, or the area of the Council's permitting jurisdiction. He testified he did not remember being told they intended to build a deck on the sand dune, and did not tell them they could do so without a permit. He testified he had never told anyone they could do this, since "[p]art of my job is to tell people that is one thing they would need a permit for."

The Council sent the Vogels a letter on September 17, 1982, establishing the boundary of their jurisdiction as shown on a drawing attached to the letter. The letter stated that "[a]ny activity landward of this critical area boundary will not require a permit from the Coastal Council. However, any alteration from this line seaward, including temporary alerations associated with activity behind this critical area line, will require a Coastal Council permit." The Vogels deny receiving this letter. During one weekend in January 1984 they constructed a deck which extended from the landward side of the primary dune over the dune onto the seaward side on the same location as the previously uncovered pilings or footings.

The Council notified the Vogels in letters of February 3, 1984 and April 23, 1984 that the unauthorized construction of the deck in the critical area of the primary oceanfront sand dune was a violation of the Coastal Zone Management Act and must be removed. Upon the Vogel's refusal to re-

move the deck, the Council filed suit on October 3, 1984 seeking a mandatory injunction to remove the structure and restore the area. The Vogels claimed equitable estoppel and res judicata barred the Council's claim.[1]

The circuit court, in an order filed March 26, 1986, determined that res judicata did not apply. The court found, however, that the Vogels had relied on Mr. Hance's representations that a permit would not be necessary if they built the deck on the old deck location. The order estopped the Council from removing the structure.

The Council argues that a state agency cannot be estopped from the legitimate exercise of its police power because of an error of its agent which has been relied on by a third party to his detriment. We agree.

The circuit cited *Walton v. Walton*, 282 S. C. 165, 318 S. E. (2d) 14 (1984) for its conclusion that estoppel barred the Council's action. *Walton* is not applicable since it involved a domestic action between two private parties. The Council is a state agency created by the South Carolina Coastal Zone Act of 1977 "to protect the quality of the coastal environment and to promote the economic and social improvement of the coastal zone and of all the people of the state." Sections 48-39-40 and 48-39-30(A), Code of Laws of South Carolina, 1976. Under the Act, certain projects within the Council's jurisdiction are subject to the Council's permitting power. Section 48-39-130. The parties stipulated that a portion of the deck is located in the critical zone as defined by Council regulations, that the work was done after the effective date of the Coastal Zone Management Act, and that no permit was obtained. Thus, the deck could be built in its present location only after the Council issued a permit.

In our opinion, the Vogels' argument that the Council should be estopped by Mr. Hance's representations that no permit was required is incorrect. The doctrine of estoppel will not be applied to deprive the State of the due exercise of its police power or to thwart its application of public policy. *South Carolina Department of Social Services*

---

[1] In January of 1984 the Council had Mr. Vogel arrested for building the deck without a permit. A Magistrate found him not guilty of violating the Coastal Zone Management Act.

*v. Parker*, 275 S. C. 176, 268 S. E. (2d) 282 (1980). This does not mean that estoppel automatically cannot apply against a government agency. A governmental body is not immune from the application of the doctrine of estoppel *where its officers or agents act within the proper scope of their authority. Oswald v. Aiken County*, 281 S. C. 298, 315 S. E. (2d) 146 (Ct. App. 1984). The public cannot be estopped, however, by the unauthorized or erroneous conduct or statements of its officers or agents which have been relied on by a third party to his detriment. *Farrow v. City Council of Charleston*, 169 S. C. 373, 168 S. E. 852 (1933); *Patterson v. Goldsmith*, 288 S. C. 551, 343 S. E. (2d) 661 (Ct. App. 1986).

Mr. Hance's representation that no permit was required to build this deck, if indeed such a representation was made, was clearly incorrect. His own testimony states that his job entailed informing people that a permit would be required for such a structure. Moreover, Stephen Moore, permit administrator with the Council, testified that Mr. Hance had authority only to issue dock permits. When asked whether Mr. Hance had authority to tell someone they could build without a required permit, Mr. Moore replied "[n]o one can tell anyone to have the authority to tell anyone they can build without a permit if regulations require one." He also testified that no one without a permit if regulations require one." He also testified that no one in the Council could have authorized the Vogels to erect such a structure without a permit. Under the facts of this case and the applicable law, Mr. Hance clearly had no authority to represent to the Vogels that their deck could be built without a permit from the Council. The Council cannot now be estopped by such an unauthorized act from requiring the removal of the illegally-constructed deck. *Farrow v. City Council of Charleston, supra.*

For the reasons stated above, the judgment appealed from is

Reversed and remanded.

GARDNER, and SHAW, JJ., concur.