THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
City of Columbia, Plaintiff,       
Respondent,
 
 
 

v.

 
 
 
Palmetto Pointe Limited Partnership, Defendant,       
Appellant,
AND
Palmetto Pointe Limited Partnership, Third-Party Plaintiff,       
Appellant,
 
 
 

v.

 
 
 
Michael J. Mungo Co., Inc., M. Stewart
Mungo, Stephen W. Mungo, 
 and The Mungo Company, Inc., Third-Party Defendants,       
Respondents.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2003-UP-668
Submitted October 6, 2003  Filed November 
 17, 2003

AFFIRMED

 
 
 
Mark Weston Hardee, of Columbia, for Appellant.
Frederick A. Gertz and Kenneth E. Gaines, of Columbia, for 
 Respondents.
 
 
 

PER CURIAM:  In this declaratory judgment 
 action, the master in equity held Palmetto Pointe, L.P., was obligated to purchase 
 certain sewer tap certificates from the Mungo Company under pain of termination 
 of sewer service by the City of Columbia.  Palmetto appeals.  We affirm the 
 masters order. [1] 
FACTS
At the center of this case is a 1987 contract entered 
 into between the City and Mungo.  Pursuant to this contract, Mungo agreed to 
 design and finance the extension of the Citys sewage facilities into a previously 
 unserved area northwest of Columbia.  In exchange, the City agreed to grant 
 Mungo the right to sell a sufficient number of sewer tap certificates to recoup 
 the cost of extending the sewer line.  These sewer tap certificates are redeemed 
 for a connection to the Citys sewer and wastewater collection treatment system.  
 As a general rule, the certificates must be presented to the City before service 
 can be initiated. 
In 1994, Palmettos general partner purchased land 
 near Irmo from Mungos predecessor and various affiliated entities.  The final 
 contract did not include the purchase of sewer tap certificates, but a closing 
 statement noted Palmetto would be obligated to purchase the certificates from 
 Mungo as needed in the future.  
Palmetto planned to build a 181 unit apartment 
 complex on the property and thus would have to purchase 181 sewer tap certificates.  
 As the first phases of the apartment complex neared completion, Palmetto purchased 
 111 sewer tap certificates from Mungo.  Soon thereafter, Palmetto requested 
 and obtained sewer service from the City for 111 units.  Contrary to its general 
 policy, the City initiated service without requiring that Palmetto deliver the 
 sewer tap certificates, merely accepting Palmettos assurance that it had purchased 
 the certificates from Mungo and would provide them to the City.  After all 181 
 units of Palmettos project were completed, Palmetto obtained sewer service 
 for the final 70 units without purchasing the sewer tap certificates, paying 
 only the sewer expansion fee. 
Over a year later, the City realized it had not 
 obtained any sewer tap certificates for Palmettos project.  The City notified 
 Palmetto of the oversight and demanded delivery of the 181 required certificates. 
  Palmetto refused to comply.  Palmetto would not even provide the 111 certificates 
 it had already purchased.  In response, the City brought this action to recover 
 all 181 certificates or, in the alternative, to be permitted to terminate sewer 
 service to Palmettos project.  
During the course of this litigation, Palmetto 
 turned over the 111 certificates it had purchased and the City amended its request 
 for relief to seek recovery of only 70 certificates.  
The trial court entered judgment in the Citys favor, 
 allowing it to terminate Palmettos sewer service to the last 70 units if sewer 
 tap certificates for these units were not delivered within 30 days of the courts 
 order.
SCOPE OF REVIEW
Palmetto asserts that in this declaratory judgment 
 action the City is seeking equitable relief and therefore this court is at liberty 
 to review the facts in accordance with our own view of the preponderance of 
 the evidence.  Townes Assocs. Ltd. v. City of Greenville, 266 S.C. 81, 
 221 S.E.2d 773 (1976).  The City does not contest that assertion, and we will 
 therefore apply that scope of review.  Though we are permitted a broad scope 
 of review, we do not disregard the findings of the master who saw and heard 
 the testimony and evidence and was in a better position to evaluate the credibility 
 of the witnesses.  Tiger, Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237, 
 391 S.E.2d 538, 543 (1989). 
LAW/ANALYSIS
Palmetto argues it is not required to 
 furnish the City with the 70 remaining sewer tap certificates because it never 
 agreed to provide these certificates when it requested service from the City.  
 We disagree.
Evidence was presented 
 at trial that all persons or entities requesting sewer service from the City 
 are required to purchase tap certificates before service begins.  John Dooley, 
 the Citys Director of Utilities and Engineering when this cause of action arose, 
 provided detailed testimony as to the Citys procedures when initiating sewer 
 service for new customers.  Dooley explained: 

We wouldnt allow anyone to tie 
 onto a sewer system if they didnt  I mean, its commonly referred to as paying 
 your tap fee.  But in fact there are two parts to it, the plant expansion fee, 
 which is a dedicated sum that goes towards expansion of the waste water treatment 
 plant, and then the tap fee itself.  So if you only paid one, you havent really 
 paid for service yet.  Youve only paid the one component.

Dooleys testimony is supported by documentary evidence 
 in the record.  Prior to the start of construction, City officials sent two 
 letters to Palmettos developers explaining the policy and the need for the 
 sewer tap certificates.  This requirement is also carefully spelled out in the 
 agreement between the City and Mungo.  We conclude, therefore, that substantial 
 evidence supports finding Palmetto was obligated to provide the City with the 
 70 additional sewer tap certificates.
Palmetto alternatively argues the City 
 is estopped from terminating service because the City initiated service before 
 it had the certificates in hand.  We disagree.  
To prove estoppel against the City, Palmetto 
 must show it (1) lacked knowledge and the means of knowledge of the truth as 
 to the facts in question, (2) justifiably relied upon the Citys conduct, and 
 (3) prejudicially changed its position.  Greenville County v. Kenwood Enters., 
 Inc., 353 S.C. 157, 171-72, 577 S.E.2d 428, 435 (2003); Grant v. City 
 of Folly Beach, 346 S.C. 74, 80, 551 S.E.2d 229, 232 (2001).  Palmetto has 
 failed to provide evidence sufficient to prove any of these required elements.  

First, Palmetto clearly knew or should have known 
 it was obligated to purchase the tap certificates.  As described above, representatives 
 of the City notified Palmetto at the outset, both orally and in writing, that 
 the tap certificates must be provided.  Palmettos purchase and delivery of 
 111 certificates demonstrates it knew the purchase of tap certificates was required.  

Second, Palmetto failed to show it justifiably 
 relied on anything the City said or did.  Although the City clerk told Palmetto 
 it could deliver the sewer tap certificates after service started, there is 
 no evidence the clerk indicated the certificates would not be required.  To 
 the contrary, the clerk testified she told Palmetto the certificates must be 
 purchased from Mungo.  Regardless, Palmetto offered no evidence that it relied 
 on any authorized statement made by an agent of the City.  Though governmental 
 bodies are not immune from the estoppel doctrine where its officers or agents 
 act within the proper scope of their authority, the government cannot be estopped 
 . . . by the unauthorized or erroneous conduct or statements of its officers 
 or agents.  South Carolina Coastal Council v. Vogel, 292 S.C. 449, 453, 
 357 S.E.2d 187, 189 (Ct. App. 1987), appeal dismissed, 292 S.C. 449, 
 362 S.E.2d 646.  
Third, Palmetto failed to show any prejudicial 
 change in position.  The evidence unequivocally demonstrates Palmetto knew 
 before construction even began that it was required to purchase the sewer tap 
 certificates.  Simply avoiding full payment for sewer service is not the type 
 of change in position contemplated under the equitable doctrine of
estoppel.  

Because sufficient evidence supports the 
 masters finding that Palmetto was obligated to purchase the required sewer 
 tap certificates and that the City was not estopped from enforcing compliance, 
 the masters order is 
 AFFIRMED.
 STILWELL, HOWARD, and KITTREDGE, JJ., concur.

 
 [1]        We decide this case without oral argument pursuant to 
 Rule 215, SCACR.