599 S.E.2d 617

**Kevin McCROWEY, Appellant,**

v.

**The ZONING BOARD OF ADJUSTMENT OF THE CITY OF ROCK HILL, South Carolina, Respondent.**

**No. 3845.**

Court of Appeals of South Carolina.

Submitted May 13, 2004.

Decided July 12, 2004.

R. Chadwick Smith, of Rock Hill, for Appellant.

W. Mark White, of Rock Hill, for Respondent.

PER CURIAM:

Kevin McCrowey ("Appellant") appeals a circuit court ruling sustaining the decision of the Zoning Board of Adjustment of Rock Hill ("Respondent"), which found Appellant's business to be in violation of local zoning ordinances. We affirm.[1]

## FACTS

Kevin McCrowey is the owner of property ("the Property") located at 1151 Saluda Street in Rock Hill. On March 24, 1998, Appellant submitted an application for a Certificate of Occupancy along with a diagram of the building located on the Property. In March 1999, Rock Hill granted Appellant a Certificate of Occupancy for the operation of a pool hall.

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rules 215 and 220(b)(2), SCACR.

At the time Appellant submitted the application, he was leasing the Property. Appellant later subleased the Property to Carlondo Brown, who was granted a Commercial Zoning Permit to operate a game room on October 29, 1999. In February 2000, Appellant purchased the Property. On October 20, 2000 Appellant obtained a Certificate of Zoning Compliance for the operation of a sports bar under the name of Infinity 2000 Sports Lounge.

One of Rock Hill's inspectors noted on the Application for Certificate of Zoning Compliance that the parking lot did not conform to the zoning code's design standards, as it appeared the Property did not have enough parking spaces available to accommodate a nightclub. This notation also requested the submission of a parking plan for the site. Appellant submitted the requested parking plan and an additional notation was later added by Rock Hill's zoning administrator stating that the application was "[a]pproved for zoning compliance per plan revised [November 10, 2000]."

However, despite this apparent approval, the same zoning administrator who approved Appellant's parking plan issued a Notice of Violation to Appellant on September 6, 2001, which stated that the parking area and signs located on the Property were in violation of Rock Hill's Zoning Code. Appellant filed a notice of appeal on September 21, 2001 and a hearing was held before the Rock Hill Board of Zoning Appeals ("the Board") on November 20, 2001.

Despite the fact that he previously found Appellant's parking plan in compliance with the applicable zoning ordinance, the zoning administrator stated at the hearing that the Property did not currently, nor did it ever, comply with the zoning ordinance since the nightclubs were first opened on the property in 1998. On January 11, 2002, the Board issued a letter denying Appellant's appeal and affirming the decision of the zoning administrator.

Accordingly on February 8, 2002, Appellant appealed the Board's decision to the circuit court pursuant to S.C.Code Ann. § 6–29–820 (Supp.2002).[2] At the hearing before the

2. A person who may have a substantial interest in any decision of the board of appeals or an officer or agent of the appropriate governing authority may appeal from a decision of the board to the circuit court

circuit court, Appellant argued that Respondent should be estopped from finding the Property in violation of the zoning ordinances based on its earlier conduct. Appellant offered this argument, in part, based on the fact that nightclubs have operated on the Property since 1998 without incident and all with approval of Respondent. In addition, as noted above, the zoning administrator who issued the Notice of Violation previously approved Appellant's parking plan. Therefore, Appellant averred he relied on this past conduct to his detriment when he decided to purchase the Property.

Relying on several South Carolina authorities, Respondent averred that under the facts of this case, the doctrine of equitable estoppel should not be applied. By order dated May 23, 2002, the trial court agreed with Respondent and affirmed the Board's decision.

## STANDARD OF REVIEW

Because Rock Hill enacted the zoning ordinance in question pursuant to the South Carolina Local Government Comprehensive Planning Enabling Act of 1994, the scope of review is governed by statute. *See* S.C.Code Ann. §§ 6–29–310—1200 (Supp.2002). Accordingly, as stated in Section 840, "[t]he findings of fact by the board of appeals shall be treated in the same manner as a finding of fact by a jury." S.C.Code Ann. § 6–29–840 (Supp.2002); *see also Heilker v. Zoning Bd. of Appeals for City of Beaufort*, 346 S.C. 401, 405, 552 S.E.2d 42, 44 (Ct.App.2001). Furthermore, "[i]n determining the questions presented by the appeal, the court shall determine only whether the decision of the board is correct as a matter of law." *Id.*

■ It is important to note "[a] court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision." *Restaurant Row Assocs. v. Horry County*, 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999) (citation omitted). "However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no

---

in and for the county by filing with the clerk of the court a petition in writing setting forth plainly, fully, and distinctly why the decision is contrary to law. The appeal must be filed within thirty days after the decision of the board is mailed.

S.C.Code Ann. § 6–29–820 (Supp.2002).

reasonable relation to a lawful purpose, or if the board has abused its discretion." *Id.*

## LAW/ANALYSIS

■ Appellant argues the trial court erred in finding the doctrine of equitable estoppel not applicable because the zoning administrator erroneously issued a certificate of zoning compliance. We disagree.

■ Typically, equitable estoppel is found to exist when the following elements are present:

(1) [C]onduct by the party estopped which amounts to a false representation or concealment of material facts or which is calculated to convey the impression that the facts are otherwise than and inconsistent with those which the party subsequently attempts to assert; (2) the intention or at least expectation that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the true facts; (4) lack of knowledge or the means of knowledge of the facts by the other party; (5) reliance upon the conduct by the other party; and (6) a detrimental change of position by the other party because of his reliance.

*Oswald v. Aiken County,* 281 S.C. 298, 305, 315 S.E.2d 146, 151 (Ct.App.1984) (citing *Frady v. Smith,* 247 S.C. 353, 147 S.E.2d 412 (1966)).

However, it is generally held that "[n]o estoppel can grow out of dealings with public officers of limited authority, and the doctrine of equitable estoppel cannot ordinarily be invoked to defeat a municipality in the prosecution of its public affairs because of an error or mistake of ... one of its officers or agents...." *DeStefano v. City of Charleston,* 304 S.C. 250, 257–258, 403 S.E.2d 648, 653 (1991) (quoting *Farrow v. City Council of Charleston,* 169 S.C. 373, 382, 168 S.E. 852, 855 (1933)) (further citations omitted). *See also South Carolina Coastal Council v. Vogel,* 292 S.C. 449, 452, 357 S.E.2d 187, 189 (Ct.App.1987) (holding that the doctrine of equitable estoppel cannot be used to deprive the State of the due exercise of its police power or to frustrate its application of public policy).

Significantly, in spite of this general rule, South Carolina courts have held that "[a] governmental body is not immune

from the application of equitable estoppel where its officers or agents act within the proper scope of their authority." *South Carolina Coastal Council v. Vogel,* 292 S.C. 449, 453, 357 S.E.2d 187, 189 (Ct.App.1987) (citing *Oswald v. Aiken County,* 281 S.C. 298, 315 S.E.2d 146 (Ct.App.1984)).

Although Appellant acknowledges the general rule, he argues the zoning administrator was acting within the proper scope of his authority, and thus, the doctrine should be applicable. Specifically, Appellant avers that in the current case "the Zoning Administrator acted within his proper authority when he concluded that [his] parking area met Rock Hill's zoning requirements." The Appellant goes on to state "the decision of whether a piece of property conforms to zoning compliance is a determination the zoning administrator would appear to have authority to make."

However, the zoning administrator did not have the authority to alter or waive the zoning ordinance in question. Rock Hill's Zoning Code gives zoning administrators the power to administer and enforce the Zoning Code. Rock Hill's Zoning Code does not grant power to an administrator to alter, modify, or waive provisions contained in the Zoning Code. Further, the zoning administrator was not granted with the authority to grant a variance. The Zoning Code only grants the Zoning Board of Appeals the discretion of whether and when to grant a variance. Because the parties do not dispute that the Property did in fact violate the zoning ordinance, the zoning administrator exceeded his authority when he approved Appellant's parking plan in October 2000. As the zoning administrator's actions in approving Appellant's parking plan were in error, the trial court did not err in concluding, based on the authority cited above, that equitable estoppel could not be applied to frustrate the attempts by Rock Hill to enforce its zoning code as written.

## CONCLUSION

Accordingly, based on the foregoing, the decision of the trial court is

**AFFIRMED.**

HEARN, C.J., ANDERSON and BEATTY, JJ., concur.