THIS OPINION HAS
 NO PRECEDENTIAL VALUE AND SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 MCC Outdoor,
 LLC, d/b/a Fairway Outdoor Advertising, Appellant,
 v.
 South Carolina
 Department of Transportation, Respondent.
 
 
 

Appeal From Administrative Law Court
 Ralph K. Anderson, III, Administrative
 Law Judge
Unpublished Opinion No.   2007-UP-541
Heard October 11, 2007  Filed November
 30, 2007
AFFIRMED

 
 
 
 William James Johnson and Craig D. Justus, both of Asheville, for
 Appellant.
 Barbara Munig Wessinger, S.C. Dept. of Transportation Legal
 Division, of Columbia, for Respondent.
 
 
 

PER CURIAM: Appellant
 appeals the administrative law courts (ALC) order granting summary judgment in
 favor of SCDOT and denying Appellants motion for summary judgment.  We affirm.
FACTS
By lease agreement dated November 22, 2002, Appellant leased real
 estate located adjacent to U.S. Highway 176 (the road) for the purpose of
 constructing a billboard.  In December of 2002, Appellant applied to
 SCDOT for an outdoor advertising permit to allow it to erect the billboard.  On
 February 12, 2003, SCDOT approved the permit for the billboard.  Appellant completed
 construction of the billboard in July of 2003.  
In December of 2003, TNT Trucking, the qualifying business for the
 billboard, went out of business.  By letter dated February 4, 2004, SCDOT
 notified Appellant that the permit for the billboard was revoked due to the
 qualifying businesss termination within one year of the issuance of the
 permit.  Subsequent to receiving notice of SCDOTs intent to revoke the permit,
 Appellant met with Joyce Gardener, a representative of SCDOT, to discuss the
 possibility of selecting another qualifying business.  Appellant was ultimately
 unable to find an alternate qualifying business, and the billboard was taken
 down on or around April 16, 2004.
On June 4, 2004, Appellant applied to SCDOT for a new outdoor
 advertising permit to allow it to erect a new billboard on the property.  By
 letter dated July 2, 2004, SCDOT informed Appellant that the review process for
 the permit request would require additional time beyond the standard thirty
 days for investigation.  On or around August 31, 2004, SCDOT blocked direct
 access to the property by placing concrete barriers along the road.  This was
 done as part of a planned transformation of the section of the road that
 borders the property into a controlled access highway.[1] 
By letter dated September 16, 2004, SCDOT notified Appellant that
 its permit request was denied because the proposed billboard site was located
 within five hundred feet of an interchange on a controlled access federal-aid
 highway.  Appellant requested a contested case hearing before the ALC.  On
 March 1, 2006, the ALC held a hearing on the matter.  By order dated July 20,
 2006, the ALC granted SCDOTs motion for summary judgment and denied
 Appellants motion for summary judgment.  Appellant appeals this ruling.
 
STANDARD OF REVIEW
On appeal, this
 court may not substitute its judgment for that of an agency on questions of
 fact when those facts are supported by substantial evidence.  Al-Shabazz v.
 State, 338 S.C. 354, 380, 527 S.E.2d 742, 756 (1999).  In determining whether the [ALCs]
 decision was supported by substantial evidence, this court need only find,
 looking at the entire record on appeal, evidence from which reasonable minds
 could reach the same conclusion that the administrative agency reached.  DuRant
 v. S.C. Dept of Health & Envtl. Control, 361 S.C. 416, 420, 604 S.E.2d
 704, 706 (Ct. App. 2004)(citation omitted).  The mere possibility of drawing
 two inconsistent conclusions from the evidence does not prevent a finding from
 being supported by substantial evidence.  Id. at 420, 604 S.E.2d at
 707. 
LAW/ANALYSIS
Appellant raises
 multiple challenges to the ALCs order.  Appellant first argues that SCDOT
 never acquired its right of direct access to the property from the road, and,
 therefore, SCDOT has failed to establish the road as a controlled access
 highway.  The majority of
 Appellants remaining arguments center on the status of the road at the time of
 filing its application.  Specifically, Appellant
 argues that the road was not a controlled access highway at the time of the
 filing of its request for the permit,
 and, accordingly, it is vested with a right to the permit.  Appellant also argues that it filed its permit request in good faith, and therefore, the
 ALCs reliance on Sherman v. Reaves, 273 S.C. 542, 257 S.E.2d 735 (1979)
 constitutes error.  Appellant also argues
 that pursuant to the holdings
 in Pure Oil Division v. The City of Columbia, 254 S.C. 28, 34-35, 173
 S.E.2d 140, 143 (1970) and Scott v. Greenville County, 716 F.2d 1409,
 1418 (1983), its motion for summary judgment should have been granted.
Additionally, Appellant argues that SCDOT is estopped from
 claiming the road was established as a controlled access highway and that the issuance of an outdoor advertising permit is a ministerial act.  We find all
 of Appellants arguments to be without merit.
I) APPELLANTS
 RIGHT OF DIRECT ACCESS
Appellant
 argues SCDOT never acquired its right of direct access to the property from the
 road, and, therefore, SCDOT has failed to establish the road as a controlled
 access highway.  The terms of Appellants lease specifically address the access
 conferred to the Appellant.  Pursuant to the lease, Appellant received a right
 to sufficient access to allow [Appellant] to service and maintain the
 billboard.  The ALC found Appellant had sufficient access to the property by way
 of the service roads.  Appellant never possessed a right of direct access to or
 from the road for SCDOT to acquire.  Therefore, we find this issue to be
 without merit.        
II) THE ROADS STATUS AT THE
 TIME OF FILING
Appellant argues its application for an outdoor advertising permit
 was properly filed with SCDOT before the road became a controlled access
 highway, and, accordingly, it is vested with a right to the permit.  We disagree.[2]
Appellant
 cites the cases of Pure
 Oil Division v. The City of Columbia, 254 S.C. 28, 34-35, 173 S.E.2d 140, 143 (1970) and Scott v.
 Greenville County, 716 F.2d 1409, 1418 (1983) for the proposition that it
 was vested with a right to the permit at the time of filing its application.  We
 find Appellants reliance on these cases to be misplaced.
Unlike the present case, both cases cited by Appellant deal with permits
 for land uses that were expressly allowed by the applicable zoning ordinances.  Furthermore,
 the aggrieved parties in both of the cases cited by Appellant detrimentally
 changed their positions in reliance on the zoning ordinances.  Appellant has
 not changed its position in reliance on the permit at issue here.  Appellant
 leased the property for the purpose of constructing a billboard.  Appellant was
 issued an outdoor advertising permit and completed construction of the
 billboard.  However, Appellant failed to comply with the requirements in order
 to keep the permit effective and, accordingly, was ordered to remove the
 billboard.  Appellants detrimental change in position was caused by its
 failure to satisfy the requirements of keeping the original permit in effect.  Therefore,
 we find the cases cited by Appellant to be inapplicable to the case before us. 
 
We find the present case to be closer to Sherman v. Reaves,
 273 S.C. 542, 257 S.E.2d 735 (1979).  In Sherman, the Supreme Court
 refused to apply the holding of Pure Oil Division to facts similar to
 those currently before us.  The distinction between the cases was Sherman had presented little, if any, proof of expenditures or incurrence of obligations
 in good faith reliance upon their proposed use. Id. at 545, 257 S.E.2d
 at 737.  Appellant contends the ALC committed error by citing this case in
 support of its order given that Appellants application was filed in good
 faith.  We are not persuaded by this argument.  Where there is no expenditure
 or incurrence of obligation, there is also no expenditure or incurrence of obligation
 made in good faith.  While the Supreme Court did address the issue of Shermans lack of good faith in his filing, the outcome of the case turned on the lack of
 detrimental reliance.       
In the present case, Appellant applied to SCDOT for an outdoor
 advertising permit around June 4, 2004.  By letter dated July 2, 2004, SCDOT
 informed Appellant that the review process for the permit request would require
 additional time beyond the standard 30 days for investigation.[3]  While it is unclear exactly when the road became a controlled
 access highway, it is clear SCDOT acquired the property owners rights of direct access to and from the
 road on June 16, 2003.  It is also clear access to and from the section of the road adjacent to the proposed
 site of the billboard was controlled by August 31, 2004, due to SCDOT blocking direct access to the
 property by placing concrete barriers along the road.  Accordingly, access to the
 section of the road adjacent to the proposed site became controlled before
 SCDOT completed its investigation.      
Section 57-25-140(E) of the South Carolina Code (the five hundred
 feet rule) provides: No sign may be located on the interstate system or
 controlled access federal-aid primary route adjacent to or within 500 feet of
 an interchange. South Carolina Code Ann. § 57-25-140(E) (Supp. 2006).
 Likewise, Regulation 63-346(B)(1)(b) provides: no sign in a rural,
 unincorporated area may be erected within 500 feet of an interchange or rest
 area.  25A S.C. Code Ann. Regs. 63-346(B)(1)(b) (Supp. 2006).  It is undisputed that the proposed site for the billboard is
 located within 500 feet of an interchange.  Accordingly, there is substantial
 evidence in the record to support the ALCs finding that Appellants permit
 application failed to satisfy the requirements of section 57-25-140(E) and
 Regulation 63-346(B)(1)(b).
III) ESTOPPEL
Appellant argues SCDOT is estopped from arguing the road
 was established as a controlled access highway due to Joyce Gardener stating
 the section of the road adjacent to the property was not controlled access. 
 Appellant, in its brief, states it raised this issue for the sole purpose of
 barring SCDOT from taking a position that controlled access was established for
 U.S. 176 in front of the property prior to [Appellants] 2004 Permit Request
 Application.  Given our holding as to the time at which access to the road
 became controlled, this issue is irrelevant.  Moreover, while a government
 agency is not immune from the application of the doctrine of equitable
 estoppel, it cannot be estopped based on the
 unauthorized or erroneous statements of its officers or agents.  South Carolina Coastal Council v. Vogel, 292 S.C.
 449, 452-3, 357 S.E.2d 187, 189 (Ct. App. 1987).  
IV) MINISTERIAL ACT
Appellant contends the issuance of an outdoor advertising permit
 is a ministerial act, and, therefore, SCDOT lacks discretion in granting such
 permits.  This contention is based on the language of South Carolina Code Ann.
 § 57-25-150(B) (Supp. 2006) which states permits for signs coming within the
 exception in item (8) of subsection (A) of § 57-25-140 shall be issued. 
 However, section 57-25-140(E) (the five hundred feet rule) expressly applies to
 signs permitted under item (8) of subsection (A) of § 57-25-140.  
The
 words of a statute must be given their plain and ordinary
 meaning without resort to subtle or forced construction to limit or expand the
 statutes operation.  Hitatchi Data Sys. Corp. v. Leatherman, 309 S.C.
 174, 178, 420 S.E.2d 843, 846 (1992).  However, [t]he cardinal rule of statutory
 construction is to ascertain and effectuate the legislative intent whenever
 possible.  Strother v. Lexington County Recreation Commn., 332 S.C. 54,
 62, 504 S.E.2d 117, 121 (1998).  All rules of statutory construction are
 subservient to the one that the legislative intent must prevail if it can be
 reasonably discovered in the language used, and that language must be construed
 in the light of the intended purpose of the statute.  Kiriakides v. United
 Artists Commcns, Inc., 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994).  Applying the shall in § 57-25-150(B)
 literally without factoring in the express limitation included in § 57-25-140
 would result in the issuance of a permit for the erection of a sign that cannot
 legally be erected.  Clearly, this cannot be the outcome intended by the
 Legislature.  Accordingly, we find this argument to be without merit.
CONCLUSION
For the
 reasons stated above, the order of the ALC is
AFFIRMED.
STILWELL, SHORT, and WILLIAMS JJ., concur.

[1] This transformation was part of a three mile
 improvement project for I-585.  The project started in 1999 with funding
 allocations.  SCDOT started acquiring right-of-way for the project in 2001 and
 acquired the rights of direct access to the subject property in 2003.  Physical
 construction on the project began in June of 2004, but there was no physical
 indication of the project in the proximity of the subject property until the
 end of August of 2004 when SCDOT used concrete barriers to block direct access
 to the property. 
[2] We have summarized, combined, and addressed Appellants arguments dealing with the
 status of the road at the time of filing its application into this issue.
[3] Regulation 63-349(L) provides:

 Upon
 receipt of the permit application, the District Sign Coordinator will inspect
 the sign site in order to ascertain if the location legally qualifies.  The
 Department reserves the right to consider any application for a sign permit for
 up to 30 days from the date the application is submitted.  Any application not
 approved within that time may be deemed by the applicant to have been rejected
 unless the Department notifies the applicant in writing on the reasons it
 requires further time to investigate the application.

25A S.C. Code Ann. Regs. 63-349(L)(Supp. 2006).